THE FULTON BANK vs. EBENEZER S. BEACH and others.

Where, in a suit against 12 defendants, an answer was put in and filed, purporting to be the joint and several answer of all, but was in fact not signed or sworn to by one of the defendants, and after a replication was filed, proofs taken, the cause set down for hearing, a motion for re-examination of a witness, a denial of the same, an appeal from such decision, and a motion for leave to file a supplemental answer, a separate answer was filed without leave of the court by the defendant who had not joined in the original answer, setting forth substantially the same defences asked to be allowed to be set forth in the supplemental answer, it was held that the separate answer was filed irregularly, and it was directed to be taken off the files of the court.

It seems that where the parties agree that an answer may be put in without oath or signature, it is of course for the court so to order.

An answer should regularly be signed and sworn to, but the signature and oath may be waived by the complainant, and the filing of a replication is evidence of such waiver.

An answer was put in for all the defendants in this cause in October, 1827. By the caption it purported to be the joint and several answer of Ebenezer S. Beach and all the other defendants; and was signed by the solicitor of all the defendants; but through inadvertence it was not sworn to by Beach. The complainants filed a replication, treating it as the answer of all the defendants; and the testimony was taken in the cause, and the proofs regularly closed therein. Two motions were afterwards made in behalf of all the defendants; one to re-examine a witness, and the other to permit them to amend their answer, or to file a supplemental one; which were denied. From both these orders the defendants applied to the court for the correction of errors, and the decisions of this court were there affirmed. After the decision of the last motion, and before the appeal from that decision, the defendant Beach, without any previous order of the court allowing him to do so, put in a

new and separate answer for himself; having then recently discovered that he had not sworn to the first answer. And the complainants now moved to take this answer off the files of the court, as irregularly and improperly filed.

*J. Hoyt*, for the complainants.

*S. A. Foot*, for the defendants.

THE CHANCELLOR. There can be no possible doubt that the filing of this second answer, without the leave of the court was irregular, and the same was a nullity. The court, for the purpose of preventing irregularities and to preserve its files from being encumbered with improper papers, prohibited answers from being filed without oath, except under an order of the court. But an answer thus filed was good as against the party who put in the same, and it did not lie in his mouth to complain of his own irregularity, or of that of his solicitor. If the complainants had known of the answer not being sworn to, they might notwithstanding have treated it as a valid answer; and if they chose to treat it as such, it would have the same effect in favor of the defendants as if it had been sworn to by all. Whether in this particular case their solicitor did know of the fact is therefore immaterial, though I presume all parties supposed for nearly two years afterwards that it had been actually sworn to by all the defendants whose answer it professed to be. As it was a joint and several answer, if it was irregular as to one of the defendants, it was irregular as to all. There is no pretence that it was not precisely such an answer as Beach would have consented to if it had been presented to him, at that time, instead of being put in by his co-defendant, who was also his solicitor; though subsequent events have made it of importance to all the defendants now to alter their defence. At the time this last answer was put in, the other defendants had the same right to take advantage of their former irregularity as Beach himself. The testimony had been taken for all the defendants, and the cause was in readiness for hearing as to all.

This irregularity has not been cured by any act of the complainants. Even if the subsequent appeal was not an

absolute abandonment of his answer, the complainants have done no act founded on the answer by which it was treated as a regular proceeding. It was, in that stage of the proceedings, absolutely void, and could not be made good without some positive act of the complainants affirming its validity. If they had filed a replication thereto, neither party could have taken any proofs thereon without a special order of the court, as the proofs were regularly closed; and the court of errors, on 'the appeal which was then pending, have decided that they cannot be opened. It was therefore not material whether they moved to take it off the files immediately after it was placed there, or at a later period. If this motion had not been made, the paper thus filed could not, on the hearing, have been treated as any part of the pleadings in the cause; and after the decisions of the court of dernier resort on other questions in this cause, founded on the presumption that the cause was in readiness for hearing on the pleadings and proofs as they formerly stood, this court could not have treated this as a valid answer.

As this paper is improperly on the files, and ought not to remain there to produce confusion in the records, the motion that it be taken off the files must be granted. But as the same thing would have been done at the hearing, on a mere suggestion, when all the facts were before the court, I shall not charge the adverse party with the costs of this application.(a)

(a) Affirmed December, 1830, 6 Wend. Rep. 36.