DENISON *vs.* BASSFORD and others.

The answer of the defendant must be actually signed by him, although an answer on oath is waived, unless a special order of the court has been obtained allowing him to put in his answer without signing the same.

Where an answer was put in without the defendant's signature, it was ordered to be taken off the files for irregularity; and as there was no suggestion that there was any defence to the suit, the answer having evidently been put in for mere delay, it was made a part of the order that the complainant's bill be taken as confessed for want of an answer.

If the complainant waives an answer on oath, he cannot apply to have the answer taken off the files on the ground that the defendant knows it to be wholly untrue. His only remedy in such a case is, at the hearing, to ask to have the defendant charged personally with the costs to which he has improperly subjected the complainant by such false pleading.

January 15. THIS was an application to take the answer of the defendants Bassford and wife off of the files of the court for irregularity. The bill was filed to foreclose a mortgage; and an answer on oath was waived. The defendant Bassford put in an answer for himself and wife, by his solicitor; but which answer was not signed by the defendants. The answer alleged that the mortgage was usurious. But the mortgagor, from whom the defendant Bassford purchased the premises subject to the payment of the mortgage, swore that this allegation in the answer was entirely false; and that the mortgage was given for the balance of the consideration which he the mortgagor agreed to pay upon the purchase of the premises by him.

*J. Rhoades*, for the complainant.

*S. Stevens*, for the defendants.

THE CHANCELLOR. As the complainant had the power to compel the defendant to swear to the truth of his answer, I cannot order the answer to be taken off the files merely on the ground that the defendant has set up matters of defence which he knew to be false; or which he had no reason to believe were true. The remedy for such an abuse

of his privilege of answering is, at the hearing, to charge him personally with the costs to which he has subjected the complainant by his false pleading. But in such a case, if the defendant has made a technical slip, the court will not give him the benefit of his false answer by delaying the decision of the cause to which there is no valid defence.

By the 200th rule it is declared that the proceedings in this court, where no provision is made therefor by statute or by the rules, shall be according to the customary practice as it has heretofore existed. That rule was first adopted on the first of January, 1830, the day when the revised statutes went into operation. To ascertain whether a signature to an answer is required, we must ascertain what the practice of the court is previous to that time. By the settled practice of the court of chancery in England, the answer of the defendant must be signed by him, unless an order has been obtained to take it without signature. (2 *Daniel's Ch. Pr.* 269. *Bayley* v. *De Walkers,* 10 *Ves.* 441.) Such order appears to be necessary even where both parties consent, by their solicitors, that the answer may be put in without the signature of the defendant. And to obtain such an order where the defendant is abroad, the court requires his written consent, or the evidence of a power from the defendant to his attorney, or solicitor, to put in an answer for him. (18 *Ves.* 468. 1 *Newl. Ch. Pr.* 3 *Lond. ed.* 181.) The practice of requiring an order, founded upon evidence of authority to appear for the defendant, even where the complainant consented that the answer should be taken without oath or signature, was sanctioned by Chancellor Kent in the case of *Dumond* v. *Magee,* in this court. (2 *John. Ch. R.* 240. *See also* 1 *Hoff. Pr.* 229.) And the putting in of an answer for a defendant, without oath or signature, by a person who appeared as her solicitor, was considered as irregular by several members of the court for the correction of errors, in the case of *Rogers* v. *Cruger,* (7 *John. Rep.* 558.)

It is said by counsel that no injury can result to the complainant by permitting the defendant to put in his answer by his solicitor, without the formality of his own signature,

where an answer on oath is not required. I am inclined to think, however, that there are many persons, and perhaps this defendant is one of them, who would think it perfectly justifiable to put a mere formal untruth upon the record, by attorney, to delay the collection of a debt, who would not be willing to risk their reputations for veracity by deliberately adding their own signatures to an answer which they knew to be false; although they were not required to verify it in such a manner as to subject themselves to punishment for perjury. And the practice of the court being such as I have before stated, it certainly would not be wise to change it for the purpose of enabling the solicitor to put in an answer to which the defendant was not willing to add his signature. Whenever a case occurs in which it is proper to dispense with this formality to further the cause of justice, as to enable an absent defendant to avail himself of a valid and conscientious defence, the court upon a special application, with the consent of or upon due notice to the adverse party, can make such an order in that particular case as justice requires.

The answer in this case was irregular, and it must be taken off the files, with costs. And as the defendant has not ventured to make an affidavit that he believed the answer to be true, it was undoubtedly put in for delay merely. There must, therefore, be an order to take the bill as confessed; as in the case of *New-York Chemical Company* v. *Flowers*, (6 *Paige's Rep.* 654.)