Sept. 1839.

Hatch v. Eustaphieve and others.

---

## Hatch *vs.* Eustaphieve and others.

The complainant's bill need not be actually signed by the complainant in person. It is sufficient if it is signed by his solicitor and counsel.

~ When the oath of the defendant to his answer is waived, the answer is a mere pleading. And when such an answer is signed with the defendant's name, by his solicitor, it is sufficient to prevent the answer from being taken from the files for want of the manual signature of the defendant.

But upon this point, see the case cited in the note, *contra.*

The facts in this case sufficiently appear from the opinion of the court.

*E. S. Warren,* for complainant.

*T. Hastings,* for defendants.

The Vice Chancellor. Cross motions; by the complainant, to take from the files the answer of the

Sept. 1839.

Hatch
v.
Eustaphieve
and others.

defendants, Eustaphieve and Newbold, because it is not signed by them; by the defendants to take from the files the complainant's bill, because it is not signed by the complainant.

It appears from the papers that the bill is not signed by the complainant, but only by his solicitor and counsel—that it was answered after obtaining further time from the complainant's solicitor—and that the answer was signed, " Alexander A. Eustaphieve and John A. Newbold, by T. Hastings, their solicitor." The practice in relation to bills not sworn to, has for a long time been to hold them well filed, without the signature of the complainant. And it seems to me too late to interfere with this practice. Indeed, an oath to a complainant's bill is held to be well made by his solicitor, or other agent, if he gives a sufficient reason in his jurat, why the complainant is not himself sworn, as is the every-day practice in allowing injunctions upon creditor's bills. But in this case the irregularity, if any, in the signature to the bill, is waived by the defendants' putting in their answer as they have done ; and the defendants' motion must be denied.

The motion on the part of the complainant, to take the answer from the files, is a matter of more doubt. Formerly, when the answer was required in all cases upon oath, and was called for to probe the defendant's conscience, and obtain from him evidence to bear upon the case, it was evidently necessary and indispensable that the defendant should not only sign, but make oath to his answer. This was the very essence of the matter called for by the bill, as it is now in cases of bills of discovery ; and the want of the defendant's signature made it no answer at all.

The statute, however, (2 Rev. Stat. 103, sec. 49,)

which authorises the complainants to waive the necessity of the defendants' answer on oath, seems to me to have altered the reason of the rule. If the oath of the defendant is waived, as in this case, and the answer is put in without oath, it cannot be excepted to for insufficiency, as has been very properly provided by a general rule of this court. It seems to me that the whole matter of bill and answer have, under this statute, been reduced to a mere matter of pleading, analogous to pleadings in a court of law. The complainant who waives an answer under oath, if any answer is put in, is not entitled to except for insufficiency, but must prove the whole of his case not admitted by the answer; and the defendants must likewise prove the case set up in their answer. Where then is the necessity of the manual signature of a defendant to such answer, more than to any pleading in a court of law. He makes no oath to it—it is of no force except as a mere pleading. He states his case to his solicitor—his solicitor places it in a professional form in the shape of a pleading : if it contains any admission, the defendant is bound by it as fully as if he had signed it ; and where can be the necessity of his signature, which, when made, is to have no force or effect ? I should have no hesitation in the expression of these views, were it not that the Chancellor has decided at least two cases, reported in the Saratoga Sentinel, wherein the answer was ordered to be taken from the files, for want of the signature of the defendants. The note of those cases is very short, and the reasoning of the Chancellor is not given. A knowledge of such reasons, added to the well known reputation of the

9

Sept. 1839.

Hatch
v.
Eustaphieve
and others.

Chancellor for diligent research, would probably shed a light upon the matter which I do not now perceive. Those cases, however, were not exactly analogous. In them, there was no signature by the defendants themselves, neither were their names signed by the hand of their solicitor or any other agent. In this case, the names of the defendants are signed by their solicitor, and it is so far different from the decided cases. The solicitor is certainly not, by his retainer, authorised to sign the defendant's name to a sworn answer, but he is authorised to make admissions and stipulations for his client in the course of a cause; and as the letter of the previous decisions does not reach this case, I shall deny the complainants' motion. In the view which I have taken of the two questions, each party would be entitled to costs, as against the other; and as such costs will probably be about equal in amount, both motions are denied without costs.(*a*)

(*a*) Upon this subject see Denison *vs.* Bassford and others, 7 Paige, 370, which decision was not published, with reasons, at the time the above opinion was pronounced. The latter case reported in Paige, seems to settle the question, that though the oath of the defendant to his answer is waived, yet if he puts in an answer, it must be actually signed by such defendant.