ZEPHANIAH VAUGHN *v.* AUGUSTUS S. JOHNSON and SAMUEL CAVALIER, Administrators of Charles Cavalier, deceased.

1. An answer, purporting to be an answer of two defendants, and signed by solicitor and counsel, as solicitor and counsel of the defendants, but sworn to by one only, is not what it purports to be. It is not the answer of the defendants, but of one of them only; and cannot, without the consent of the opposite party, be read as the answer even of the defendant who has sworn to it.

2. It is not sufficient to show that *injustice has been done in a trial at law,* to entitle the party to the interference of this court, but it must have been done under circumstances which authorize the court to interfere. If a matter has already been investigated in a court of justice, according to the common and ordinary rules of investigation, a court of equity cannot take on itself to enter into it again.

3. This court cannot grant relief on the ground that the court at law erred in overruling evidence. An interference on such grounds would convert the Court of Chancery into a Court of Errors, and would be an assumption of jurisdiction which does not belong to the court.

4. If the defence is equally available at law as in equity, and the party has had an opportunity of making the defence at law, a court of equity has no jurisdiction to relieve against the judgment, unless some special ground for relief can be established other than that of an error in law committed by the court which has jurisdiction of the case.

5. As a general rule, this court will not interfere with a judgment at law solely because the principal witness was mistaken as to facts, and was subsequently found to be in error.

6. Nor will relief be granted where the party has been deprived of his defence in any manner, through his own neglect or laches.

7. The complainant stated that he had been deprived of his defence in a trial at law by the court's allowing parol proof a judgment. *Held,* that against such a decision of the court the complainant can obtain no relief here.

The defendants, as administrators of Charles Cavalier, deceased, obtained a judgment in the Atlantic Circuit against the complainant. On filing the bill an injunction was allowed, restraining the defendants, as plaintiffs in the judgment, from enforcing the same. An answer having been filed the defendants now moved to dissolve the injunction.

*Mr. W. Halsted,* for motion, insisted—

First. That the answer denied the equity of the bill.

Second. That the injunction should be dissolved, and bill dismissed for want of equity.

*Messrs. Woodhull* and *Grandin, contra.*

First. The answer is irregular. It purports to be the answer of both defendants, and is sworn to by only one.

Second. The case made by the bill entitles the complainant to relief. *Story's Eq. Pl.,* § 869.

Third. Complainant entitled to answer of both defendants. *Vliet* v. *Lowman,* 1 *Green's Ch. Rep.* 404; *Price* v. *Clevinger,* 2 *Green's Ch. Rep.* 208 ; *Scull & Thompson* v. *Reeves et al.,* 2 *Green's Ch. Rep.* 84.

THE CHANCELLOR. The defendants, as administrators of Charles Cavalier, deceased, obtained a judgment in the term of December last of the Atlantic Circuit Court against the complainant. The complainant has exhibited his bill to be relieved against this judgment; and on filing the bill an injunction was allowed, restraining the defendants as plaintiffs in the judgment, from enforcing the same. To this bill an answer has been filed, and the defendants now move a dissolution of the injunction on two grounds.

First. That the equity of the bill is answered. And, Second. That the bill does not make a case entitling the complainant to relief. The complainant's counsel objects to the reading of the answer, and insists it is irregular. The objection, I consider, is well taken.

The answer purports to be that of Augustus F. Johnson and Samuel Cavalier, administrators, &c., of Charles Cavalier. It is signed by solicitor and counsel, as solicitor and counsel of the defendants, but is sworn to by Samuel Cavalier only. It is not what it purports to be. It is not the answer of the defendants, but of one of them only, and as

Vaughn v. Johnson et al.

it stands now on the files, it cannot, without the consent of the opposite party, be read as the answer even of the defendant who has sworn to it.

In *Harris* v. *James*, 3 *Bro. C. C.* 400, on motion made by counsel of the defendants, that an answer of five defendants, sworn to by three only, might be filed as the answer of the three, the Lord Chancellor refused the motion.

In *Done* v. *Read*, 2 *Ves. & Beam's Rep.* 310, on a motion made by counsel to strike out the names of two defendants in an answer, who had not sworn to it, it was suggested by Mr. Hart (as *amicus curiæ*) that the course was that the answer should be received as the answer of those who had sworn to it. The Vice-Chancellor did not adopt the suggestion, but the plaintiff's counsel consenting to the motion, an order was made accordingly.

In *Cooke* v. *Westall*, 1 *Mad. Rep.* 149, an answer, stated to be the joint and several answer of two, but sworn to only by one, was ordered to be taken off the file, with costs. See also the case of *The Fulton Bank* v. *Beach et al.*, 2 *Paige* 307, and same case on appeal, 6 *Wen. Rep.* 36.

The answer is irregular, and cannot be read on this motion.

But the defendants insist that, by his bill, the complainant is not entitled to any relief at the hands of this court.

The case made by the bill is this. Prior to the year 1843, Cavalier, the complainant's intestate, gave his promissory note to Obadiah Huntley for about the sum of two hundred and sixty dollars. Huntley endorsed the note, and passed it to one John Endicott. Endicott sued the endorser, Huntley, and having recovered judgment upon the note, issued execution and raised the amount due thereon. Subsequently, in the year 1835, Charles Cavalier, the drawer of the note, recovered against the complainant, in the Inferior Court of Common Pleas of the county of Gloucester, a judgment for the sum of one hundred and twenty-five dollars, or thereabouts. The complainant is the son-in-law of Obadiah Huntley.

The bill alleges that, after Cavalier had recovered this

judgment, he threatened to collect the same by execution, unless the complainant would get his father-in-law, Huntley, to take the judgment in satisfaction, or part satisfaction, of the said promissory note which Huntley, as endorser, had paid to Endicott, and then held against Cavalier; that the complainant not being able to pay the judgment against him, applied to Huntley for assistance, and told him what arrangement could be made with Cavalier; that Huntley's father-in-law agreed to take the said judgment in satisfaction, as far as it would go, and promised to see Cavalier and settle the matter; that afterwards Cavalier told the complainant that he, Cavalier, had seen Huntley, and that the arrangement was made for Huntley to take up the judgment. The bill alleges that this arrangement was carried out by the complainant afterwards paying the amount of the judgment to Huntley; that the matter was, by all parties, considered as arranged, and no steps were taken by any one, inconsistent with such understanding and arrangement, until some ten years after the death of Cavalier, when the defendants commenced their suit at law upon the judgment in favor of Cavalier, against the complainant; that all these facts and circumstances were known to the defendants, and that they treated the said judgment as satisfied until they commenced their suit; that when the suit at law between the parties came on for trial, and the plaintiffs therein had rested their case, upon the production of the record of the judgment, the complainant's counsel opened their defence, and insisted upon these facts under their plea of payment; that the plaintiffs, by their counsel, thereupon objected to the evidence, insisting it was not competent under the issue joined in the cause; that the court overruled the objection, and admitted the evidence; that Huntley was called as a witness, and proved the facts as hereinbefore stated, but that, in addition thereto, he testified that Endicott recovered a judgment, not only against Huntley, the endorser, but likewise against Cavalier, the drawer of the note; that thereupon the court decided that this evidence, having established a subsisting judgment against Cavalier, it did not constitute

an available defence in a court of law, and overruled the evidence; that the complainant, having no other defence, the cause was submitted, and the jury found a verdict for the plaintiffs. The bill avers that at the time of the trial, and until some time after the close of the term at which the trial was had, the complainant did not doubt that there was such judgment against Cavalier, but that he has lately been informed by Endicott that no such judgment was recovered by him, and that upon searching the records, the complainant is satisfied no such judgment was recovered. To the bill is annexed the affidavit of Huntley, stating, among other things, that he has no doubt he was mistaken in testifying that the said Endicott, before suing him, the said Huntley, as endorser, had sued the said Cavalier as maker of the said note. Upon these facts the complainant prays that the defendants may be enjoined from all further proceedings at law to enforce the said judgment.

If this statement of facts is true, it is very plain that the defendants ought not to enforce the judgment in favor of their intestate against the complainant. But this may be so, and yet this court have no right to interfere with the judgment at law which the defendants have recovered against the complainant. The defendants instituted proceedings at law upon the judgment, as they had a perfect right to do. The complainant saw fit to meet the case there. A trial has been had by a jury, and upon their verdict the court has rendered judgment against the complainants. Nor is it sufficient to show that injustice has been done in the trial at law, to entitle the party to the interference of the court. In *Bateman* v. *Willoe*, 1 *Sch. & Lefr.* 204, Lord Redesdale says: " It is not sufficient to show that injustice has been done, but that it has been done under circumstances which authorize the court to interfere, because if a matter has already been investigated in a court of justice, according to the common and ordinary rules of investigation, a court of equity cannot take on itself to enter into it again."

This court cannot grant the party relief, on the ground that the court at law erred in overruling the evidence. An

interference on such grounds would convert the Court of Chancery into a Court of Errors, and would be an assumption of jurisdiction which does not belong to the court. If the defence is equally available at law as in equity, and the party has had an opportunity of making the defence at law, a court of equity has no jurisdiction to relieve against the judgment, unless some special ground for relief can be established other than that of an error in law committed by the court which had jurisdiction of the case. 2 *Mylne & Keene* 423, *Harrison* v. *Nettleship & Fuller.*

In this case the bill alleges that the court, on the trial, decided that the defence was a good one and permitted it to be made, but that the witness, by whom the facts constituting the defence were proved, testified to an additional fact which destroyed the defence and led the court to overrule all the evidence offered to sustain it. That additional fact was this: That there was a subsisting judgment in favor of Endicott against Cavalier. The complainant alleges that since the trial, he has discovered that his witness was in error, and that there was no such judgment. The complainant has become involved in his present difficulty, then, by his witness swearing to what was not true—not corruptly—but under some mistake. For this court to interfere with a judgment at law, solely because the principal witness was mistaken as to facts, and was subsequently found to be in error, would be a very doubtful and a very dangerous ground for this court to interfere with the judgment. As a general rule, this court will not interfere with a judgment of a court of law, on the ground that a witness was mistaken as to a fact upon which the defence turned, or that he swore corruptly. I say, as a general rule, for there may be some peculiarity attending such a case which will justify the interference of the court. But there must be some peculiar circumstances, and not of ordinary occurrence, to render such interference proper.

Admitting that in this case, the court was right in its decision that the witness having testified to a subsisting judgment in favor of Endicott against Cavalier, the defence was not available in law, how does the complainant stand before

Vaughn v. Johnson et al.

the court? The complainant admits that he went to trial under the impression that there was such judgment. But if this was the fact, which rendered his defence unavailable at law, he was guilty of gross laches in not searching the records and ascertaining with certainty whether such a judgment existed. It appears, then, from the complainant's own statement of his case, that he has been deprived of his defence solely in consequence of his own negligence. Relief will not be granted when the party has been deprived of his defence in any manner through his own neglect or laches.

I must admit I cannot see how the fact of the witness testifying that there was a subsisting judgment in favor of Endicott against Cavalier, could have affected the defence. In the first place, if it was a fact so material as to deprive the party of his defence at law, it being a matter of record, it should have been proved by the record. But suppose it had been so proved, was it not perfectly competent for Huntley to show that the judgment had been satisfied?

The judgment against Huntley was against him as endorser. Had there been a judgment against Cavalier it would have been against him as the drawer of the note. When Huntley paid off the judgment against him, the judgment against Cavalier for the same debt could not have been enforced.

If the complainant correctly states his case, his defence, whether there was a judgment against Cavalier or not, was equally available in law as equity, and the court, when the trial was had, was as competent to grant him relief on that trial as this court could be in a case instituted here upon the like facts. If this is so, and the court erred in judgment in overruling the defence, that error I cannot correct.

But the statement of the facts in the bill, taken in connection with the affidavit of Huntley annexed to the bill, leaves it uncertain whether the cause of complaint alleged by the complainant really exists.

The bill alleges that the complainant was deprived of his defence because his witness proved there was a subsisting judgment in favor of Endicott against Cavalier, which the complainant, as well as the witness, has, since the trial, disco-

vered was a mistake. It is upon this ground the complainant asks the court to interfere. Huntley, in his affidavit referred to states the facts at length, to which he testified at the trial, but he says nothing of having testified to their being a subsisting judgment. All he says in reference to this important part of the case is, " That he has no doubt that he was mistaken in testifying that the said John Endicott, before suing this deponent as endorser, had sued the said Charles Cavalier as maker of the aforesaid note ; and that this deponent, though many years under a different impression, is now convinced that no suit was ever brought on that note against the said Cavalier." Now, testifying that a suit was brought is very different from testifying that a judgment was obtained.

This material variance between the bill and the affidavit, involves the complainant's case in a good deal of uncertainty, and leads me to suppose that there is some misapprehension as to the action of the court in reference to the evidence. The witness does not say, as the bill alleges, that he testified to there being a subsisting judgment, and explain how he came to make such a mistake ; and yet the only excuse the complainant gives for invoking the aid of this court is, that the witness did so swear, and that upon that ground the court overruled the defence.

I cannot interfere with this judgment, unless I can see that the defendant has been deprived of his defence, not through any error of the court, but by some circumstance not attributable to his negligence, or by some fraud practiced by his adversary, and against which this court only can grant him relief. If the complainant correctly states his case, he was deprived of his defence by the court's allowing part proof of a judgment in favor of Endicott against Cavalier. Against such a decision of the court the complainant can obtain no relief here.

I am of opinion that this injunction was improvidently granted, and should be dissolved, and that the bill showing no grounds upon which the complainant is entitled to relief should be dismissed, with costs.

CITED *in Cairo and Fulton R. R.* v. *Titus & Soudder*, 12 *C. E. Gr.* 106 ;
*Holmes* v. *Steele*, 1 *Stew.* 176.