## COLLARD *vs.* SMITH and WIFE.

The court will not extend the time for answering in order to admit the defence of usury.

Where the time has been extended by order of the court without notice to complainant the court will modify the order, so as to exclude the defence of usury.

When after the time for answering has expired, the complainant grants an extension, the defence of usury will not be permitted to be set up. *Contra* where such consent is given before the defendant is in *laches.*

Where husband and wife are made defendants to a bill in equity, the husband must appear for both, and the complainant is entitled to a joint answer.

If the husband is unable to put in a joint answer, or if the wife desire to answer separately, or the husband is not in a situation to answer for her, an order for a separate answer must be obtained.

If either husband or wife answer separately, without an order authorizing it, such answer will be suppressed as irregular.

The answer must not only be joint, but must be sworn to by the wife, or it will be irregular; but the irregularity will be waived by the complainant filing a replication.

This was a motion to suppress answer.

*P. D. Vroom,* for complainant.

*Ransom,* for defendant.

THE CHANCELLOR.  The complainant moves to suppress the defendants' answer.  First, on the ground that it sets up usury as a defence, and was filed after the time limited by law, the time for answering having been extended by the assent of the complainant's solicitor, at the solicitation of the solicitor of the defendant, and without stating the fact that usury was intended to be set up as a defence.

The court will not extend the time for answering in order to admit the defence of usury.  And where the time has been extended by order of the court, without notice to the complainant's solicitor or without his consent, the court will modify the order, so as to exclude the

defence of usury. The same principle, it is insisted, applies where the time is extended by consent of counsel without the order of the court. If the time for pleading had expired when the consent for extending the time was given the defence of usury would not be permitted to be set up. It may be presumed that the complainant's solicitor did not intend to prejudice his client's interest by the consent. The defendant ought not to be permitted to gain an advantage by the indulgence of his adversary. Had he applied to the court for time after the expiration of the time for pleading he would not have been permitted to plead usury. The consent of the plaintiff's solicitor to an extension of time should give no greater advantage. In this case the consent was given before the time for pleading had expired. It is a general consent, not limited as to the matter of the defence. To deprive the defendant of any lawful defence under these circumstances would prejudice his rights. At the time the consent was given he had a right to set up usury or any other defence. Had the consent for an extension not been given, the answer might have been filed within the time limited by law. If a general order for extension had been made by the court under like circumstances, the defendant would not have been deprived of his right to set up usury.

The complainant asks to suppress the answer on the further ground, that the defendant, Smith, has answered alone instead of filing a joint answer for himself and his wife.

Where a husband and wife are made defendants to a bill in equity, the husband must appear for both, and the complainant is entitled to a joint answer. *Wyatt's Prac. Reg.* 37, 53; 1 *Newl. Prac.* 109; 1 *Daniel's Chan. Prac.* 548; 1 *Barb. Chan. Prac.* 82.

If the husband is unable to put in a joint answer, or if the wife desire to answer separately, or the husband is not in a situation to answer for her, an order for a separate

Collard *v*. Smith.

answer must be obtained. 2 *Mad. Prac.* 269; 1 *Smith's Prac.* 253; *Cooper's Eq. Pl.* 24; *Mitford's Eq. Pl.* 83; *Story's Eq. Pl.* § 71.

If the wife puts in an answer separately from her husband, the court, on motion of the complainant, will suppress it on the ground of irregularity. *Perine* v. *Swaine et ux.*, 1 *Johns. Ch. R.* 24; *Robbins* v. *Abrahams and wife*, 1 *Halst. Chan. R.* 16; 1 *Ch. R.* 68.

So if the husband answer separately, without an order authorizing it, the answer will be ordered to be taken from the files as irregular. *Leavitt* v. *Cruger*, 1 *Paige* 421; *Gee* v. *Cottle*, 3 *Mylne & C.* 180; *Bilton* v. *Bennett and wife*, 4 *Simons* 17.

And the answer must not only be joint, but must be sworn to by the wife as well as by the husband, or it will be suppressed for irregularity. But the irregularity will be waived by the complainant's filing a replication. *Fulton Bank* v. *Beach*, 2 *Paige* 307; *S. C.*, 6 *Wend.* 36; 2 *Mad. Prac.* 269; *Duke of Chandos* v. *Talbot*, 2 *P. Wms.* 371.

In the recent case of *Allen and Stevens* v. *Smith and wife*, where the husband filed a separate answer without the wife, the answer was, upon motion, ordered to be suppressed, and a decree *pro confesso* entered against the defendants for want of an answer. This order, however, was made upon the ground that the defendant did not appear or apply for leave to put in a joint answer, although notice of the application was given, and the hearing continued from time to time. The regular practice is, as appears from the cases above cited, where the answer is suppressed as irregular, to give the defendants an opportunity of putting in a joint answer, on application for that purpose.

In practice, especially where the wife's separate property is not involved, it is usual to receive the defendant's separate answer. *Garey* v. *Wittingham*, 1 *Sim. & Stu.* 163. But this must be with the concurrence of the plaintiff. His reply, his replication waives the irregularity. He is

entitled to a joint answer, and if he require it, it must be put in, unless the order of the court be obtained to answer separately.

It was urged, upon the argument, that the only remedy of the complainant is to proceed against the husband for a contempt. This course may be adopted to compel the answer by the wife, but the separate answer of the husband will also be ordered to be suppressed and taken off the file. 1 *Barb. Prac.* 82; 1 *Dan. Prac.* 569.

The separate answer of the defendant must be suppressed for irregularity.