### Joseph L. Smallwood and others *vs.* Robert Lewin and others.

After the testimony has been closed, and the cause regularly set down for final hearing, the court will not permit a supplementary answer to be put in, unless the delay is satisfactorily accounted for.

It should appear that the matter of the supplementary answer is new, or a sufficient reason given for not having it in the original answer.

The mortgage sought to be foreclosed was given to secure part of the consideration on the purchase of the mortgaged premises. The title to a part of the premises failed. The complainants were not the vendors of the premises nor the original mortgagees. They held the mortgage by assignment, executed prior to the sale of the premises by the original mortgagor to the defendant. Under these circumstances, the fact that the title made by the mortgagor to the defendant, the present owner, was defective, can in no wise affect the rights of a *bona fide* mortgagee under a mortgage executed prior to the conveyance.

---

This was a motion for leave to file supplementary answer.

*B. Williamson,* of counsel with complainants, opposed motion.

THE CHANCELLOR. The complainants filed a foreclosure bill against Lewin, the mortgagor, and Thomas V. Johnson and Sarah F., his wife, the said Sarah being the

Smallwood v. Lewin.

owner of the premises in fee subject to the complainants' mortgage. Johnson and wife, having answered the complainants' bill, now ask leave to file a supplemental answer.

There are substantial objections to the application.

The cause was put at issue by filing the replication on the 17th of December, 1858. The rule to close testimony expired on the 6th of February, 1859. The complainants' evidence had been taken, and the cause set down for final hearing at the present term. Upon the cause being moved, the defendants ask leave to file their supplemental answer.

The application is too late, no grounds being suggested as a justification for the delay. Two months have elapsed since the reopening of the court, and ample time was afforded for making the application before the cause was set down for final hearing. In *Macdougal* v. *Purrier*, 4 *Russ.* 486, an application for leave to file a supplemental answer after the cause had been set down for hearing was denied with costs.

There is no proof before the court that the matter is new, nor any reason given for not having it in the original answer. This is always required. 2 *Daniels' Chan. Pr.* 915.

A more substantial objection is, that the defendants are not in a position to avail themselves of the matter proposed to be set up by way of defence.

The matter proposed to be inserted in the answer is, that the mortgage sought to be foreclosed was given as a part of the consideration on the purchase of the mortgaged premises, and that the title to a part of the premises has failed. The complainants were not the vendors of the premises nor the original mortgagees. They hold the mortgage by assignment executed prior to the purchase of the premises by Mrs. Johnson. She purchased from Lewin, her codefendant, the original mortgagor. The fact, that the title made by Lewin to her is defective, can in no wise affect the rights of a *bona fide* mortgagee under a mortgage executed prior to the conveyance.

It is true that, in the answer originally filed by Johnson and wife, they allege that the mortgage is in fact held by the complainants for the benefit of the mortgagor, but no proof whatever has been produced in support of the answer ; and in the absence of such proof the new matter proposed to be introduced by the supplemental answer is irrelevant and immaterial. The rule for closing testimony and the time for taking proof in support of the original answer has expired. No application has been made to enlarge the time. The fair presumption is that there is no proof in the defendant's possession to support the allegation that the complainants are acting for the benefit of or in collusion with Lewin.

Whatever merits there may be in the proposed defence, there is nothing before the court to justify the belief that there is a substantial defence or to warrant the court in acting upon that assumption.

The answer proposed to be filed, though purporting to be by Johnston and wife, is sworn to by Johnson alone. This is clearly irregular. The answer originally filed is verified in the same way. But the oath may be waived by the complainant, and their filing a replication is evidence of such waiver. *The Fulton Bank* v. *Beach,* 2 *Paige* 307.

But the complainants object to the supplemental answer as not being properly verified ; and if there were no more substantial objections, this alone would exclude the answer, in its present form, from the files of the court.

The motion is denied with costs.