## Case No. 751.

### BAILEY WASHING MACHINE CO. v. YOUNG et al.

[12 Blatchf. 199; 1 Ban. & A. 362.] [1]

Circuit Court, N. D. New York. June 16, 1874.

**EQUITY PLEADING—ANSWER — NOT SWORN TO BY ALL OF THE DEFENDANTS.**

An answer, in a suit in equity, put in in the names of all three of the defendants, as their joint and several answer, but signed and sworn to by only two of them, will be stricken from the files, as irregular, but with leave to the two to erase therefrom the name of the third, and file it as their own answer only.

[In equity. Bill by the Bailey Washing Machine Company against John Young, James Young, and John E. Young. Heard on motion to strike defendants' answer from the files. Motion granted.]

Livingston Scott, for plaintiff.
John F. Seymour, for defendants.

WOODRUFF, Circuit Judge. In this case an answer has been put in in the names of the three defendants, and as their joint and several answer, but such answer is signed and sworn to by James Young and John E. Young only. This was irregular. The complainant might, if so advised, have accepted the answer, and replied to it, and thereby have waived the irregularity. Freelands v. Royall, 2 Hen. & M. 575. But this was not done. The complainant moves to take the answer off the files, and for such other relief as may be proper, and, on the motion for such other relief, counsel ask an order that the bill be taken pro confesso as against all of the defendants. That such answer is irregular, and that the complainant, though he may, is not bound to, accept it as the answer of all of the defendants, is according to the rules governing the subject, both in this country and in England. Fulton Bank v. Beach, 2 Paige, 307, 6 Wend. 36; Rogers v. Cruger, 7 Johns. 557; 1 Hoff. Ch. Pr. 229; 1 Barb. Ch. Pr. 141; Denison v. Bassford, 7 Paige, 370; Cooke v. Westall, 1 Madd. 265; Cope v. Parry, Id. 83; 2 Daniell, Ch. Pr. 269; Bayley v. De Walkiers, 10 Ves. 441. An or-

[1] [Reported by Hon. Samuel Blatchford, District Judge; reprinted in 1 Ban. & A. 362; and here republished by permission.]

der granting leave to answer without oath or signature is necessary, and, if circumstances render it proper, would be granted. Cases supra, and Codner v. Hersey, 18 Ves. 468; ―― v. Gwillim, 6 Ves. 285; ―― v. Lake, Id. 171. On the other hand, I do not think that the irregularity should subject the defendants who signed and swore to the answer to serious loss. The answer was manifestly prepared in the expectation that all of the defendants would sign it, and, on the refusal of John Young to sign, his name should have been struck out. Although the bill of complaint is not a bill of discovery, since the defendants were not, under the rules, bound to answer any averment therein except at their option, and because the complainant has propounded no interrogatories, as the rules require, when he desires to enforce a discovery, (rules 40, 41,) nevertheless, the complainant has a right to require that whatever answer is put in be authenticated by the defendants who profess or purport to answer. 1 Barb. Ch. Pr. 168; Denison v. Bassford, 7 Paige, 370; New York Chem. Co. v. Flowers, 6 Paige, 654; Harris v. James, 3 Brown, Ch. 399; and the cases above cited. The answer should, therefore, be taken from the files, but with leave to the defendants who have answered, to erase the name of the other defendant, and file the answer as their own only. An order that the answer, as filed, stand as the answers of two defendants only, would seem to be substantially equivalent. Done v. Read, 2 Ves. & B. 310. But, the more orderly and proper state of the record will be to make the pleadings in form correspond with the fact.

What the complainant will be at liberty to ask, if it is seen fit to bring the case to a hearing upon the bill and the answer of two defendants, and upon the order to which the complainant will be entitled, taking the bill as confessed by the other defendant, it is not necessary, on this motion, to decide.

The complainant is not entitled to take the bill as confessed by the two defendants who have answered. Possibly, they may desire to amend their answer, setting up fraudulent collusion between the other defendant and the complainant, which is intimated in the affidavit. Whether they do so or not, the facts alleged in the bill of complaint they should be permitted to answer. Whether the conduct or implied admissions of a copartner would conclude them on a charge of tortious infringement of the complainant's patents, I do not now decide. Counsel suppose that it is so settled by authority. Colly. Partn. [Perkins's Ed.] 724; Kershaw v. Mathews, 1 Russ. 360; Hilby v. Stanton, 2 Younge & J. 75; Prince v. Haydn, 3 Younge & J. 190; Naylor v. Wellington, 8 Sim. 396. But, on examination of the bill of complaint, I do not find that there is any averment that the tortious infringement was by them as copartners, or that the infringement was by the copartnership firm of which they were members. It

is true, that, in the introduction of the bill of complaint, the defendants are described as now being copartners, under a specified co-partnership name or firm; but, when they became such, or whether they were such at the time of the alleged infringement, or whether the infringement occurred in the conduct of the copartnership business, is not stated. I cannot, therefore, assume that the failure of John Young to answer is to be taken as an admission which concludes, or even affects, the other defendants. Besides, it is not clear that every admission by a copartner is conclusive upon his associate, in a court of equity. It may be evidence against both, and yet, when made with intent to wrong the associate, it may not conclude him, so that he cannot prove the truth touching an alleged tortious invasion of the rights of another by the copartnership. Of that, however, the court will consider further, if the complainant choose to rest its case upon the bill and answer.

Let an order be entered that the answer be taken from the files, but with leave to the defendants answering to erase therefrom the name of John Young, and file it as their own answer only.