SPEAK & POINTER *vs.* RANSOM and others.

April Term, 1875.

INJUNCTION—DISSOLUTION—ANSWER.—The general rule is that, where the equity of the bill is admitted by the answer, an injunction will not be dissolved upon new matter set up in avoidance.

SAME—THIRD PARTY—PETITION.—A third person, no party to the suit, whose rights are affected by an injunction, may come in by petition to have the injunction construed, or modified so as to preclude all risk of violation in the pursuit of rights acquired previous to its issuance.

PRACTICE — ANSWER — LUNATIC DEFENDANT.— *Semble*, an answer cannot be filed for a person of unsound mind, even with the consent of the complainant, without special leave of the court.

————, for complainants.

*Jno. Lellyett*, for defendants.

THE CHANCELLOR :—Bill filed March 19, 1875, by complainants, as judgment creditors of defendant James Metcalf, to subject to the satisfaction of their judgment the indebtedness of defendants Crockett and Ransom to said Metcalf, by a judgment recently affirmed in the supreme court. An answer to this bill has been filed in the name of Metcalf, but in reality by John Lellyett, as his solicitor, by whom the same is sworn to. By this answer the facts alleged in the bill are admitted, but it is insisted that Metcalf was, at the rendition of complainant's judgment, confined in a lunatic asylum, having been previously adjudged by this court, upon proper proceedings instituted for the purpose, to be a person of unsound mind, and incapable of attending to business. The answer also states that said Metcalf is still a lunatic. It further states that prior to the 23d of March, 1871, the date of the judgment in favor of Metcalf against Crockett and Ransom in the lower court, the said Metcalf had transferred the note on which the judgment was founded, and the anticipated judgment thereon, to one David Lipscomb, in trust for certain creditors ; and afterwards, on the 23d of March, 1871, by written instrument, confirmed said parol transfer, and formally assigned the same to said Lipscomb on the same trusts, which instrument was duly proved and registered, and of all which the said Crockett and Ransom had due notice. The answer adds that the proceeds of the judgment will be insufficient to pay in full the debts provided for in the transfer and assignment.

Upon this answer a motion is made to dissolve the injunction obtained by the complainants, enjoining the defendants Crockett and Ransom from paying the amount of the judgment against them to the defendant Metcalf.

No objection has, it seems, been made to the answer so filed in the name of Metcalf. It is not a matter of course to allow such an answer to be filed for a person of unsound mind, even with the consent of the complainant. *Wilson* v. *Grace,* 14 Ves. 172. And, clearly, without such consent

a formal order of court is necessary, and, perhaps, even with such assent. *Codner* v. *Hersey*, 18 Ves. 469 ; *Lake's Case*, 6 Ves. 171 ; *Denison* v. *Bassford*, 7 Paige, 370. The point is not necessary to be decided now, for the answer filed expressly admits the facts upon which the bill is based, namely, the recovery by the complainants of their judgment against Metcalf, and the recovery for Metcalf of the judgment against Crockett and Ransom. There is, consequently, not only no denial of the equity of the bill, but an admission of that equity. The defence relied on is new matter in avoidance—the incapacity of Metcalf, and the previous assignment to Lipscomb. The general rule is that, where the equity of the bill is admitted, or not denied, allegations in an answer not responsive to the bill, but setting up new matter in avoidance, will not suffice to dissolve the injunction. *Allen* v. *Crobcroft*, Barnad. Ch. 373 ; *Salmon* v. *Clagett*, 3 Bland, 162 ; *Minturn* v. *Seymour*, 4 John. 499 ; *Green* v. *Pallas*, 1 Beas. 267 ; *Hutchins* v. *Hope*, 7 Gill, 119 ; *s. c.*, 12 Gill & J. 245. The defendant Metcalf is not entitled, upon such an answer, to a dissolution of the injunction until the amount of the complainants' judgment, with interest and costs, has been paid into court, or to a receiver appointed for the purpose. If the complainants should delay the prosecution of their suit unreasonably, or fail to take prompt steps to secure the collection of the judgment against Crockett and Ransom, the neglect would be good ground for a dissolution.

A petition has also been presented by David Lipscomb, setting out the previous assignment to him, and attacking the validity of the complainants' judgment upon the same grounds stated in the answers filed for Metcalf, and asking that said Lipscomb be " permitted to file this petition as his answer to said bill," and for a dissolution of said injunction.

I have heretofore held that no such practice is known in equity as making a person a defendant on his application. *Stretch* v. *Stretch*, 2 Tenn. Ch. 140. If the right exists in

any case, it is by virtue of some statute, such as the statute regulating the practice in the administration of insolvent estates. The right of a person to intervene as a defendant is also provided for by the Code, § 2799, in "actions for the recovery of property," and this provision has been held to apply to suits in chancery as well as to actions at law. *Hill* v. *Bowers*, 4 Heisk. 275. This statute was intended to apply to cases where the plaintiff sets up title to property and must recover upon proof of such title, and where, consequently, it is comparatively immaterial to him how many persons set up title to the same property. To extend the statute further would lead to confusion in chancery pleading and practice, not, it seems to me, compensated by any corresponding advantages.

If, therefore, the petitioner seeks to be made a defendant in this case, or if his application depends upon his becoming such a defendant, he will take nothing by his motion.

But there is one aspect of his petition in which it is strictly legitimate and proper. The bill having prayed "that the defendants Crockett and Ransom be enjoined from paying over to the said Metcalf the said judgment obtained against them," the injunction should have been restricted to Metcalf, his agent, and attorneys. Thus restricted it would have operated only on Metcalf's rights at the date of the fiat, and persons claiming under him thereafter. The injunction, as issued, enjoins Crockett and Ransom from paying the judgment to Metcalf, "or to any one for him." If, as I am inclined to think, these words are equivalent to the more usual words, "agents and attorneys," they are within the fiat, and would not operate upon third persons claiming rights prior to the filing of the bill. But, inasmuch as they are more general than the language ordinarily used, and might embrace an assignee for creditors, with benefit of surplus to Metcalf, and inasmuch, moreover, as no one ought to be in any doubt as to whether an injunction operates upon him, the petitioner, Lipscomb, is entitled to come in by petition and have the language of the

injunction construed, or so modified as to preclude all risk of violating the injunction by pursuing rights acquired previous to the issuance of the injunction. *Dalglish* v. *Jarvie*, 2 Mac. & G. 231.