C. H. COOK *vs.* PINK DEWS and others.

October Term, 1875.

PRACTICE—SETTING ASIDE PRO CONFESSO BY MASTER.—The master is not authorized to set aside an order taking a bill for confessed, except upon an affidavit showing good cause why the answer was not sooner filed, and the tender of a sufficient answer; and the affidavit must be made by the party himself, unless the facts relied on are peculiarly within the knowledge of the person tendering an affidavit; and a *pro confesso* against several defend-ants cannot ordinarily be set aside as to all of them upon an answer sworn to by only one of them.

PRACTICE—ANSWER—SEVERAL DEFENDANTS.—An answer must be signed and, unless the oath be waived, sworn to by each of the defendants whose answer it purports to be; otherwise, in strictness, it should not be received as the answer of any of them.

PRACTICE—AFFIDAVIT—GOOD CAUSE.—It is not a good cause for setting aside a *pro confesso* order to state generally that the counsel has been prevented from sooner preparing an answer by "a press of other business."

*M. W. Allen*, for complainant..
*Wirt Hughes*, for defendants.

THE CHANCELLOR :—This case comes before me by appeal of the complainant from the ruling of the master setting aside an order *pro confesso*, and allowing an answer to be filed.

By the positive provision of the Code, § 4369, the complainant is entitled to take the bill for confessed if the defendant fail to appear and defend within the time prescribed by law. By § 4420, subsec. 3, the master is authorized " to set aside the orders *pro confesso* upon good cause shown, and the filing of a sufficient answer." He can deprive the complainant of the right acquired under the statute only when the applicant shows good cause for his neglect, which can only be by affidavit, and accompanies his application by a sufficient answer. In this case the bill is filed against five defendants, and, according to the memorandum of the master filed in the papers under rule 7 of this court, was taken for confessed against all.

If it were true that all were properly summoned, and the *pro confesso* properly taken, the master was clearly in error in setting the order aside upon the affidavit and answer filed. The affidavit is made, not by any one of the defendants, but by their solicitor. Such an affidavit, as I have had occasion to decide at a former term, is insufficient, except in aid of the affidavit of the client, unless, indeed, the facts upon which the application rests are peculiarly within the knowledge of the counsel, or a sufficient reason is given why the defendant's own affidavit is not produced. So far as the affidavit turns upon the merits of the defence, it is obvious that the complainant is entitled to the oath of the defendant himself. If he is unwilling to swear to the necessary facts, no other person ought to be allowed to

32

make the oath for him. The present affidavit is fatally defective in this regard.

But there is a still graver defect. The bill is against five defendants. The answer filed, although it purports to be the answer of all of them, is only signed and sworn to by one of them. I know of no rule of law or practice which authorizes a *pro confesso* to be set aside as against several defendants upon the answer of only one of those defendants. The complainant is entitled to the oath of all of them. Defendants may answer jointly, or jointly and severally, or separately, but in either case each defendant must swear to his answer, or it will be no answer as to him. *Fulton Bank* v. *Beach*, 2 Paige, 307 ; *Binney's Case*, 2 Bland, 99 ; *Rogers* v. *Cruger*, 7 Johns. Ch. 557. And the answer must be signed by the defendant. *Ordo curiæ*, 2 Atk. 290. And this though the oath be waived. *Kimball* v. *Ward*, Walk. Ch. 439 ; *Denison* v. *Bassford*, 7 Paige, 370. An answer which purports to be the answer of a definite number of defendants cannot be received as the answer of either less or more than that number. *Harris* v. *James*, 3 Bro. C. C. 399 ; *Cope* v. *Perry*, 1 Madd. 83. And if filed will be ordered, on motion, to be taken from the files. *Cooke* v. *Westall*, 1 Madd. 265. *Thatcher* v. *Lambert*, 5 Hare, 228.

It is obvious, therefore, that the ruling of the master was erroneous, and must be reversed and annulled.

. If the answer which has been sworn to by one of the defendants disclosed a meritorious defence, which could be set up in that shape, the court would, under the ruling in the case last cited, permit the answer to be amended by striking out the names improperly introduced, especially as the practice in this state has been notoriously loose. The solicitor who made the affidavit on which the master acted has magnanimously taken all the blame of delay upon himself. His excuse, while not one which the law can recognize in the general language in which he has couched it, namely, "a press of other business," is one in which we can

all sympathize with him, although it may be to him, at the same time, a subject of congratulation, especially if he be one of our younger confreres. No lawyer who has himself been run to death by a sudden press of business, wherein he has had to do duty as attorney and counsel, and which has taxed his powers, as well as his equanimity of temper, to the utmost, could withstand such an appeal, where the defence was meritorious.

The bill in this case is to enforce a vendor's lien. The allegation is that the lien is reserved on the face of the deed. The deed itself, however, is filed, and does not contain any such reservation. The lien is undertaken to be reserved by the note executed for the purchase money. We have Judge McKinney's opinion that such a recital in a note " amounts to nothing more than a mere declaration of intention, and is simply nugatory." *Gilliam* v. *Esselman,* 5 Sneed, 88. And I held at the present term, in the case of *Anderson* v. *Lyons,* that if there were any doubt as to this conclusion, there was none that such a reservation by instrument unregistered would have no greater effect than the vendor's equity. It would be evidence that the notes taken were not intended to waive the vendor's equity, although given with personal security. But in this case the bill avers, what the deed from the original purchasers to the sub-vendees shows, that the sub-vendees bought with knowledge of the equity, and promised to pay the notes themselves. The original purchasers are made defendants to the bill, and the sub-vendees, except one, who is dead. The only defendant who swears to the answer in this case is one of the sub-vendees, in the original deed to whom the unpaid purchase notes to complainant are expressly set out, and he and his co-vendee, now deceased, expressly undertake to pay these notes in consideration of the conveyance to them. The defences he undertakes to set up in his answer are that the personal representative and heirs of his co-vendee should be before the court, and that there is an unpaid balance of purchase money for this land due from the com-

plainant to his vendors, and that the complainant's deed contains a guaranty against encumbrances. The first of these objections, if a question *de novo*, would deserve grave consideration. It has, however, been settled by our supreme court, so far as this court is concerned. It was held, in *Fletcher* v. *Coleman*, 2 Head, 388, that sub-vendees were not necessary parties to a bill to enforce the vendor's lien. "The vendor's lien," says Judge Caruthers in delivering the opinion, "is fixed upon the land, and he can enforce it without making all who may have bought it, from or under his vendee, parties." The same conclusion was reached in *Wilkes* v. *Smith*, 4 Heisk. 86, where the sub-vendees were, according to the statement of the chief justice who delivers the opinion, not parties. And it has been held that, on a bill to enforce a vendor's lien, defects of title cannot be set up by answer to defeat a sale. To be available they must be presented by cross-bill. *Hurley* v. *Coleman*, 3 Head, 265, and *Curd* v. *Davis*, 1 Heisk. 574. If the answer in this case were intended also as a cross-bill, it has not been made so for the reason which prevailed in the case last cited— a failure to give security. And, besides, a warranty against encumbrances does not run with the land, and complainant is not liable to the sub-vendee on his covenant.

The application is, therefore, without merit, and the conclusion reached above must stand.