## H. MITCHELL ET AL. v. TISHOMINGO SAVINGS INSTITUTION.

1. CHANCERY. *Answer. Must be sworn to. Waiver.*
   An answer in chancery must be verified by affidavit, and if this be omitted, it may be treated as a nullity, and stricken from the files on motion; but if no exception be taken by the complainant, and he proceeds with the cause, he cannot avail himself of the objection in the Appellate Court.

2. SAME. *New affirmative matter in answer. Proof.*
   Where by written agreement of the parties a motion to dissolve an injunction is heard on " bill, answer and proofs," the proof being sufficient to sustain the answer, the objection that the answer sets up a new affirmative defence is of no avail.

APPEAL from the Chancery Court of Alcorn County.

Hon. C. CULLENS, Chancellor.

*M. Green*, for the appellants.

It is conceded that the authorities and brief for the appellee might be applicable, if he had any case in court, but he has none.

1. The answer is not sworn to.   Story Eq. Pl. § 874.

2. The answer sets up an affirmative defence which must be proved.

*L. P. Reynolds*, on the same side.

1. The answer must be verified by affidavit.   *Griffin* v. *State Bank*, 17 Ala. 258; *Rainey* v. *Rainey*, 35 Ala. 282; *Fulton Bank* v. *New York Canal Co.*, 1 Paige, 211; 4 Paige, 211.

2. The defence, in confession and avoidance, must be proved. *Buckner* v. *Bierne*, 9 S. & M. 304; 44 Miss. 682.

*Green & Pickens*, for the appellee, contended that the answer denied the equity of the bill, and that the proof sustained the answer, citing many authorities.


CHALMERS, J., delivered the opinion of the court.

A motion to dissolve an injunction was, by written consent of the parties, heard by the Chancellor in vacation, and sustained.   The written agreement recites that it shall be heard " upon bill, answer and proofs."   The answer was not sworn to, and it is now urged that the absence of verification rendered it a nullity, and that there was therefore no issue joined upon which the Chancellor could pass judgment.

An answer in chancery must be verified by affidavit, and, if this be omitted, it may be treated as a nullity, and stricken from the files on motion; but if no exception be taken by the complainant and he proceeds with the cause, he cannot avail himself of the objection in an appellate court.   *Nesbitt* v. *Dallam*, 7 Gill & Johns. 494; *Fulton Bank* v. *Beach*, 2 Paige, 307.

It is urged that the defence set up in the answer was by way of confession and avoidance, and therefore it devolved upon the defendant to establish it.   By the agreement the motion was submitted on the proofs, as well as upon the bill

and answer, and, looking to the evidence, we cannot say that the finding on the facts was erroneous.

*Decree dissolving injunction affirmed.*