CAMPBELL <i>v.</i> AYRES.

| 6 | 339 |
| --- | --- |
| 104 | 702 |
| 6 | 339 |
| 121 | 221 |

Where a party pleads a former adjudication of the matter in controversy, he should bring into court and make profert of, an exemplification or transcript of the former cause, and thus make it a part of his case.

If he does not do so, his adversary may take exception to the pleading, but is not obliged to do so.

Where on an issue of a former adjudication, a certified copy of a judgment is offered in evidence, it will be insufficient, without the petition and pleadings upon which it was rendered.

Campbell v. Ayres.

Where the parties are shown in the title of a cause in equity, it is not necessary to repeat the names of the parties in the body of the decree.

Where the term of court at which a decree was rendered, is mentioned in the transcript of a cause in equity, the date of the rendition of the decree need not be stated in the body of the decree, unless some act is to be done in a definite period from the date, or the rendition of the decree ; and then, if no other day is named, such act takes date from the last day of the term.

Whether a decree in equity be an interlocutory or final one, must appear from its nature. It need not be called by a name.

If a decree does not state that it is rendered upon a default, it is presumed to be upon appearance.

When a subject matter is legally within the jurisdiction of courts of superior and of general jurisdiction, and the parties appear to have been brought, or to come, within it, a strong presumption of correctness and regularity attends their proceedings, and they are not under the necessity of stating upon their records many facts which a court inferior and of limited jurisdiction must, or must show in some other way.

Where the transcript of a case, shows the appearance of the parties, the case will be presumed to have been properly heard, although the decree does not state in terms, whether it was heard upon the pleadings, or upon the pleadings and proofs ; and this holds good even on appeal, to some extent.

Where a decree does not set out the facts found, upon which it is rendered, on appeal, the presumption in favor of the regularity of the proceedings of courts superior and of general jurisdiction, will assume that sufficient facts were shown to warrant the decree, unless the contrary be made to appear from the record or from the testimony.

It is not necessary in a decree in equity, to set out the facts found, upon which the decree is based. All the papers of a cause constitute the record in a chancery case, and the decree *assumes* them and their contents. And so of the evidence, where it is in writing.

Where a decree in equity, cancelling a deed, defines the particulars of date, &c., and names more points of description than the petition, the decree is not incongruous. If the decree clearly identifies the deed decreed to be cancelled, minor points of misdescription may be disregarded.

Where a decree, in part, requires that to be done, which the court had no power to decree, that portion of the decree beyond the authority of the court to order, becomes mere surplusage, and nugatory, and forms no ground for a reversal of the decree, and especially so where it would not open the cause to a rehearing.

Where in a proceeding in equity, to cancel a deed, and to compel a conveyance to the complainant, the bill alleged that the deed to one of the respondents was never delivered—that he was not entitled to it—that he obtained it fraudulently—and that it was null and void, and gave

him no title, which allegations were found by the court to be true; and where the court then decreed that the respondent convey to the complainant; *Held*, That the decree was erroneous.

Where a decree is technically defective only, on appeal, it will be corrected in the appellate court.

*Appeal from the Polk District Court.*

TUESDAY, JUNE 22.

This cause was before the court at the June term, 1855, and is reported in 1 Iowa, 257. The present petition is substantially like the former one. Such differences as are regarded of consequence, are noticed in the opinion of the court. To the present petition, which is in chancery, the respondent answers, that the matters set forth by the complainant, have heretofore been adjudicated between these same parties; that is to say, in a suit between the said Ayres as plaintiff, and the said Campbell as defendant, instituted in Polk county, and by change of venue taken to Warren county, wherein judgment was rendered at the June term, 1855, and which judgment has never [been reversed or overruled, which the defendant is ready to verify by the record. The replication avers that the matters and things set forth in the petition, were not adjudicated between the parties in the said suit mentioned in the answer. This issue was found by the court, in favor of the complainant, and thereupon a decree was rendered accordingly, that the equity of the case was with the petitioner, and that the deed from the county of Polk to the said Ayres be declared cancelled, set aside, and held for naught.

*J. E. Jewett* and *J. A. Kasson*, for the appellants.

I.   If a decree, finally rendered, does not recite the facts on which it was founded, or which the court considered as proved or admitted, it is error on the face of the decree. *Burdine* v. *Shelton*, 10 Yerg., 41; *Peters* v. *Rossiter*, 1 Root, 273; *Bacon* v. *Childs*, 1 Ib., 466; *Sampson* v.

*Hunt,* 1 Ib., 521; *Wernway* v. *Brown,* 3 Blackf., 458; *Brend* v. *Brend,* 1 Vern., 215.

II.   There is no certainty of description of the deed to be found in the allegations, 'and no copy exhibited; and the description in the decree is not *secundum allegata,* which is necessary.   10 Wheat., 188.

III.   The process for enforcing this decree, as ordered by the court, is not known to our equity practice.   2 Daniels Ch. Prac., (Perkin's ed.), 1289, 1293 to 1295.   Our equity practice stands unaffected by statute enactments, except, possibly, some formalities of pleading.

IV.   A writ of assistance may issue, and is, in ordinary cases, the first and only process for giving possession of land, under adjudication of the court, in some jurisdictions—not all.   *Valentine* v. *Teller,* 1 Hopk., 422;  *Devanceu* v. *Doe,* 1 Edw., 272; 1 Hopk., 221; 4 Johns. Ch., 609;  *Wallen* v. *Williams,* 7 Cranch, 602; 1 Harr. & Johns., 370; 13 New Hamp., 14.

V.   A decree in equity does not, *per se,* divest the title at law, but can only compel the person who has the title, and who is mentioned in the decree, to convey.   *Proctor* v. *Ferebee,* 1 Ired Eq., 146.

VI.   When it is material to either party, the caption or date, should be made to correspond with the time of the actual entry of the order.   *Whitney* v. *Baldwin,* 4 Paige, 140.

VII.   It is evident the plaintiff should have exhibited the whole record from Warren county, and not the mere judgment.

VIII.   In this cause, it appears to have been so imperfectly tried, and the elements for a decision so wanting in the final action of the court, that the supreme court cannot be satisfied, without a trial *de novo,* what are the real equities between the parties, to be incorporated in the decree.

*Curtis Bates,* for the appellee, cited *Arnold* v. *Grimes & Chapman,* 2 Iowa, 1; 2 Ohio, 274; 3 Johns., 268; 8 Cowen, 543; 2 Iowa, 27.

Campbell v. Ayres.

WOODWARD, J.*—When this cause was before the court, at a prior term, it turned] upon the plea, or answer of a former adjudication. The bill was dismissed, but without prejudice to any farther proceeding. This was in consequence of the apparent equity in the case, which was not fairly brought out by the state of the pleadings. The present bill is more complete, and more fully explains some of the circumstances, and particularly that of the former adjudication by the suit in Warren county. But in consequence of the attitude of the present pleadings, we shall not be led to examine the facts of the cause in detail.

The complainant bases an equitable claim upon the as. signment of the county bond to him—the mortgage of Crews to him and Scott, and Scott's assignment—and upon plaintiff's redemption from Ayers, under the sale on Duncan & McLaughlin's judgment. The first of these—the assignment of the county bond—is the substantial ground of the petitioner. He, of course, claims that the bond is outstanding and valid, whilst the deed from the county to Ayers, was never delivered, nor had the occasion for its delivery arrived, but that he obtained the possession unlawfully and fraudulently, and that the same is no deed. This was the substance of the case between the parties, and to which the respondent answers, and pleads an adjudication of this whole matter, in the suit in Warren county. This was the issue of fact; and this was tried by the court, which found that these matters were not adjudicated in that former suit.

This cause is in equity, and this court might review the conclusion of the district court upon the above fact, but the respondent has given us no material by which to try it—no evidence upon which to review it. He pleaded the mere fact of a prior adjudication, but did not bring into

---

* WRIGHT, C. J., having been of counsel, took no part in the determination of this cause.

court, nor make profert of, an exemplification, or tran script of that former cause, tried in Warren county. It was his duty thus to make it a part of the case, and the complainant was entitled to take exception to the want of it, but he was not obliged to do so, and did not, but pleaded to issue, leaving the respondent to prove his affirmative allegation in relation thereto. The evidence which he offered, if any, is not before us.

The complainant has made an exhibit of a judgment, rendered in Warren county, in favor of this defendant against this plaintiff; but, admitting for the present, that that copy of judgment is so in evidence, that the respondent may avail himself of it here, still it is not sufficient alone, without the petition and pleadings upon which it was rendered.

The position of the case then, is that the court has found that the former adjudication did not involve and decide the questions and matters set up in the present bill. It remained to the court, therefore, only to determine whether the bill makes a case for the complainant, and shows ground for relief. The allegations of the petition remained undenied, and were consequently taken as true. The averments concerning the bond and its assignment by Crews to Campbell, and concerning the deed from the county to Ayers, and the manner in which he became possessed of it, clearly make a case for the petitioner, and the court did not err in rendering a decree in his favor, as respects Ayers. In order to dispose of the whole matter, and do complete justice, the county should have been made a party defendant, that the complainant might obtain its title; but no objection is made on this account, (and perhaps none would lie), and there was no objection to the court disposing of Ayers and his claims.

But the only objections to the decree, made in the argument of appellant, are mostly of a somewhat technical nature, going to the manner and form of it. To be able to apply and examine them, it is necessary to state the substance of the record. The transcript shows the dates, and

terms of filing the several papers; that is, the petition, answer, and replication; and comes to the October term, A. D. 1857, when the decree was rendered. This states the title of the cause, and commences thus : "This day, the court being fully advised in the premises, finds that the equity of this cause is with the petitioner;" and proceeds to find that these matters had not been heretofore adjudicated, in the suit mentioned in the answer; and therefore, decrees, that the deed from the county to Ayres be set aside, and held for naught; that the title is in the petitioner; that defendant convey the same to petitioner, by good and sufficient deed, within thirty days, or the decree to have the effect of such conveyance; that defendant restore possession within two days, or a.writ of restitution to issue; that defendant pay the costs, and execution issue therefor; and that Campbell pay Ayres two hundred dollars, and execution issue for the same. And the decree is properly signed.

The respondents now allege, that the decree is "altogether insufficient, irregular and uncertain, and should be annulled, and the cause remanded for a hearing *de novo.*" His objections are summed up in the position, that "a good decree must contain the following particulars, at the least: *First:* It must show the parties and venue. *Second:* The date of its rendition or entry. *Third:* How entered— that is, whether on default, on pleadings, on proofs; whether interlocutory or final; whether on appearance of parties or counsel, or by consent, or submission regularly. *Fourth:* On what facts it is based. *Fifth:* The mandate, or order, which must be within its chancery powers." The defendant then proceeds to point out specific defects or errors, as he considers them. One or two remarks will cover several of them, without going into.detail. *First:* Several things are shown, or appear of record, to the supposed want of which, he objects. Thus, the parties are shown in the title of the cause, stated in the manner usual in all our records. It is not deemed necessary to repeat them in the body of the decree. The venue is, without doubt,

shown in the transcript of the proceedings. The term is given, and no more is requisite, unless some act, as in this case, is to be done in a definite time from the date or the rendition of the decree, and then, if no other day is named, such act takes date from the last day of the term. But further, although the date does not appear in the transcript, yet it must, we conceive, appear in the actual records of the court, if the proceedings of each day are under their proper date, as is usual, so far as we have knowledge. And, again; whether it be a final or interlocutory order or decree, must appear from its nature; and for this end, it need not be called by a name. And if the decree does not state that it is rendered upon a default, it is presumed to be upon appearance.

_Secondly:_ There are certain important presumptions which attend the proceedings, and attach to the record of courts superior and of general jurisdiction. When a subject matter is legally within their jurisdiction, and the parties appear to have been brought, or to come within it, a strong presumption of correctness and regularity attends their proceeding, and they are not under the necessity of stating upon their records, many matters which a court inferior and of limited jurisdiction must, or must show in some other way. This case shows the appearance of the parties, and it will be presumed to have been properly heard, although the decree does not state in terms, whether it was heard upon the pleadings, or upon the pleadings and proofs; and this holds good even on appeal, to some extent. In the present case, the pleadings alone are sufficient to sustain the principal matters found by the decree. As the record does not state that the decree was upon a default, but shows the contrary, it will be taken to have been rendered upon such other ground as the record allows, which, in the present case, is upon the pleadings, or upon evidence.

But there is another, and a very important class of subjects, to which this presumption reaches—even on appeal; and that is the facts upon which the decree is rendered.

The respondent claims that the decree should set forth the facts found, upon which it is based. This presumption will assume that sufficient facts were shown, even on appeal, unless the contrary be made to appear from the record, or from the testimony. The former English practice was, to set forth in the decree the facts upon which it was based, and such may be the practice there at this time, but it is not the course in the greater part of the American States. It is doubted whether the omission of them would ever have been held error, or a ground for reversal, even in England. But in many of the United States, this has rarely been so, and especially in the newer States. With the cessation of the custom of making a complete record in every cause, a change has followed in many of the particulars of practice. All the papers of a cause constitute the record, and the decree assumes them and their contents. And so of the evidence when it is written, as it should be, in chancery causes. There is no doubt that it would be a better and more satisfactory practice, if the judgments, and especially the decrees in equity, of our courts, were entered more fully, showing all that is requisite to give jurisdiction, and the facts found to exist, upon which the decree is based, but we cannot say that it has been peremptorily required in the past judicial history of the State and territory of Iowa.

The foregoing remarks apply to several of the points made by the defendant, in objection to the decree. A few will be more specifically named. One of these is, that the decree orders the cancellation of a deed different from that named in the petition, and not identified with it. Though the decree names more points of description than the petition, there is no incongruity in this. The decree mentions it, with several of these points, and among them the date, and that it was executed by three persons, named as the board of county commissioners; and it is objected that the petition mentions it as a deed executed by the county clerk. This is not altogether correct. The petition says that Crews, in order to carry out his agreement

with Ayres, went to the county clerk's office, and request-ed him "to make out a deed for said lot, in the name of said Ayres as grantee, and have the same ready for deliv-ery to him, upon his compliance with the conditions of the contract." There is no inconsistency in this. The de-claration does not represent it as a deed executed by the clerk. In truth, there is no description of it in the peti-tion. This only narrates the circumstance as to how, and why, and about when, a deed was made by the county au-thority, conveying the lot to respondent; and the decree defines the particulars of date, &c. These are the only facts of importance—they point to the deed intended—and these being ascertained, minor points of misdescription would be disregarded. But we do not perceive that they exist.

To some of the objections, we remark, briefly : If the decree cannot operate as a conveyance, as it directs, then this part of it becomes mere surplusage and nugatory, and forms no ground for a reversal, especially as it would not open the cause to a re-hearing. Whether the court was authorized to issue a writ of restitution, and other process ordered, leads to a larger inquiry than counsel have an-ticipated—to an inquiry into the intent of the Code, in re-spect to law and chancery practice; and as none of these things, in whatever light viewed, would give the respon-dent a new trial, we decline entering into them.

But we come to a point in which there is more reason to think there is substantial error. The bill proceeds upon the ground, and makes the averment, that the deed from the county to Ayres, was never delivered; that he was not entitled to it; that he obtained it fraudulently, and that therefore, it was of no force, but was null and void, and gave him no title. The court found this to be so, and cor-rectly, as we believe. But then, as a consequence, it could not decree that the respondent convey to complainant, for the former had nothing to convey.

Again : the court finds the title to be in the petitioner. But how is it there ? It is not by a deed from the county.

Campbell v. Ayres.

Nor is it from the defendant. The petitioner seems to claim it to be in him, by virtue of his redemption from Ayres' purchase under the judgment of Duncan & Laughlin, or by virtue of the release of Ayres. But we doubt much whether he has a legal title from either, or any of these sources. It is manifest that the petitioner has not the legal title, for he has not a deed from the county, nor has he such title from the county, through any one. The only deed from the county, is that to Ayres, and that being cancelled, there is no legal title in any one, derived from the county, but it remains there. In short, Crews had an equitable title from the county; that is, he had a right, by which, apparently, he might obtain the legal title. This he assigned to Campbell, who now has the same right. The deed from the county to Ayres, being set aside by this decree, the only obstacle is removed which prevented the county conveying to Campbell; and had this holder of the legal title, been made a party to this bill, that end could have been accomplished in this same decree, if the obligation still exists. But ¡nothing forbids a voluntary action in this respect.

There is no objection made to the decree, nor any defect found therein, which should require a trial *de novo ;* therefore, it will only be corrected in the portions held technically erroneous. Wherefore, it is ordered, adjudged and decreed, that so much of the decree of the district court, as holds that the legal title to the said lot is now in the complainant, and so much of the same as decrees that the said Ayres convey the said lot to the said James Campbell, be reversed and set aside; and that the residue of the said decree be, and remain in full force. The costs herein to be paid by the respondent.

Reversed in part.