LYMAN MASON, executor, *vs.* HUBERT DALY & others.

Middlesex. March 24. — 25, 1875. AMES & DEVENS, JJ., absent.

On an appeal from the decree of a single justice to the full court in a case in equity without a report of the evidence or the facts upon which the decree was made, the court cannot order evidence to be taken, under the Gen. Sts. *c.* 113, § 21.

An executor, who has obtained a license to sell the real estate of his testator for the payment of debts, may maintain a bill in equity to redeem or discharge a mortgage thereon

The objection that a bill in equity, which charges fraud, does not set forth in detail the acts constituting the fraud, cannot be taken for the first time at the hearing in

this court of an appeal from a decree of a single justice finding that fraud was committed.

A bill in equity filed by an executor alleged that A., one of the defendants, procured a mortgage of land to be fraudulently made by the testator to a third person, who assigned it to A., who afterwards assigned it as collateral security to B., and that all the assignments were made without consideration and with full knowledge that the mortgage was fraudulent in its inception. The bill prayed for an injunction to restrain B. from selling the land, and for general relief. The justice of this court, before whom the case was heard, made a decree reciting that the mortgage was fraudulently obtained by A., and ordering A. to pay the sum secured by the assignment to B., and to cause the mortgage to be discharged within a given time. *Held,* on appeal, that the finding and decree were warranted by the allegations and prayer of the bill.

By the 38th rule in chancery of this court, a decree in chancery need not set forth the evidence, or recite the facts, on which it is based.

BILL IN EQUITY against Hubert Daly, Frances J. Smith, Judson Murdock, Benjamin F. Brown, Charles H. Lewis and Almira H. Lewis, alleging the appointment by the Probate Court of the plaintiff as executor of the estate of John Lewis; that the said executor was authorized by decree of the Probate Court to sell the testator's real estate for the payment of debts; that the testator, during the last year of his life, was enfeebled in body and mind, and was thereby rendered incapable of transacting any business; "that while so enfeebled, Charles H. Lewis and Almira H. Lewis, one or both of them, for the purpose of defrauding and injuring the estate of the said John Lewis, and the rights of the devisees under his last will, unduly and unfairly persuaded the said John Lewis" to make a mortgage with power of sale of his homestead on November 11, 1870, to Murdock, which was duly recorded; that in the registry of deeds were records of the assignments of the mortgage from Murdock to Brown, dated November 11, 1870; from Brown to Almira H. Lewis, dated September 11, 1871; from Almira H. and Charles H. Lewis to Daly, on July 31, 1872, as collateral security for the payment of $500, and also from Almira H. and Charles H. to Smith, on December 2, 1872, as collateral security for the payment of $500; that the mortgage, "if ever made by John Lewis, was made without his knowing what he was doing, or else was procured to be made by deception, fraud and undue influence;" that the assignments were made without consideration and with full knowledge on the part of the several assignees that the mortgage was fraudulent in its inception.

The bill further alleged that Daly had advertised the estate for sale under the power contained in the mortgage, and prayed for an injunction against Daly to restrain him from proceeding with the sale, and from assigning the mortgage ; and also to restrain Smith from assigning the mortgage to her, and to compel Daly and Smith to assign the mortgage to the plaintiff, he offering to pay them whatever sums might be found to be lawfully due them ; and for further relief.

Hearing upon bill, answer, replication and evidence, before *Endicott,* J., who, on September 25, 1874, made the following decree : " This cause came on for hearing, and being set down for hearing on the twenty-second day of September, A. D. 1874, and all parties being present, a hearing was had.

" It appearing to the court that the mortgage given by the plaintiff's testate to Judson Murdock, dated November 11, 1870, was obtained from him fraudulently by Charles H. Lewis, one of the defendants, and that the money received thereon was never paid to the plaintiff's testate, but was used by said Charles for his own benefit and the benefit of the property of himself and Almira, his wife, and it further appearing that said mortgage was afterwards assigned to said Almira, and by her and her said husband assigned or pledged as collateral security to Hubert Daly, and to one Frances J. Smith. Whereupon and now, upon consideration thereof, it is ordered, adjudged and decreed that the said Charles H. Lewis and Almira H. Lewis pay, settle and adjust with the said Hubert Daly and Frances J. Smith the several sums secured by the assignments of said mortgage, and shall within thirty days from this twenty-fifth day of September, A. D. 1874, discharge or cause to be discharged, by good and sufficient instrument delivered to the plaintiff, the said mortgage named in said bill, so that the estate of the plaintiff's testate shall be released from said mortgage and from all assignments of the same made by said Charles and Almira, and that the injunction heretofore issued be continued against the defendants named in said bill, until compliance with and performance of the terms of this decree, or such further decree as may be made in the premises."

Charles H. Lewis and Almira H. Lewis appealed to the full court on October 21, 1874 ; and on January 5, 1875, filed a peti-

tion setting forth that at the hearing neither party asked that a commissioner be appointed to take the evidence ; that, after the decree was made, the judge was requested to report the evidence, or to have it taken anew by a commissioner, which he refused to do; and praying that they be allowed to exhibit further evidence, and that the court might order the testimony given at the hearing before the single justice to be taken before a commissioner.

*C. S. Lincoln*, for the plaintiff.

*E. A. Alger*, for Lewis and wife.

GRAY, C. J. The application to take evidence, first made after the decree of a single justice and an appeal to the full court, comes too late. No evidence having been reported at the hearing below, nothing is open on the appeal but the question whether the decree is warranted by the allegations and prayer of the bill. *Mason* v. *Lewis*, 115 Mass. 334. *Stanley* v. *Stark*, Ib. 259.

The executor, having obtained license to sell the real estate of his testator for the payment of debts, may maintain this bill for the redemption or discharge of a mortgage thereon. Gen. Sts. c. 140, §§ 32, 33. *Aiken* v. *Morse*, 104 Mass. 277, 278.

The bill alleges that the mortgage and all the assignments thereof were fraudulent and void. The objection that it does not set forth in detail the acts constituting the frauds complained of is not open after decree. Under the allegations of the bill and the prayer for general relief, it was competent for the plaintiff to prove, and the judge to find, that Lewis and wife, fraudulently and for their own benefit, procured the mortgage to be made by the testator, and themselves made assignments thereof to Daly and Smith ; and if Daly and Smith were not shown to have known or participated in any fraud, Lewis and wife might be required to pay to Daly and Smith the sums secured by the assignments to them, and then to release the mortgage, and thus clear the testator's estate of the incumbrance to which it had been subjected by their own fraud.

A decree in chancery need not, by our practice, set forth the evidence, or recite the facts, on which it is based. 38th Rule in Chancery, 104 Mass. 575.

If the amount due to Daly or Smith should be in dispute between him and Lewis and wife, it may be ascertained by further

order of a single justice, upon reference to a master or other-wise.

No error of law or fact being shown in the decree appealed from, it must be                    *Affirmed, with costs.*