Adams agt. Roberts.

---

## SUPREME COURT.

CHARLES W. ADAMS, appellant, agt. EDWARD ROBERTS, respondent.

*Reply — Effect of failure to reply where the same is necessary—Counter-claim — Code of Civil Procedure, sections 515, 516.*

Though failure to reply, in a case where a reply is necessary under the Code, does not prevent the party from bringing his cause on for trial, yet a motion by plaintiff to place the cause on the special circuit calendar was properly denied, for the reason that plaintiff had not served a reply, because the counter-claim being admitted there was no issue, the only question being as to the amount of damages.

*First Department, General Term, July,* 1881.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEAL from an order denying motion to place the cause on the special circuit calendar, for the reason that the plaintiff had not served a reply.

*Culver & Betts,* for appellant.

*G. S. P. Stillman,* for respondent.

BRADY, *J.* — This action was brought to recover the value of services rendered and materials furnished in the printing of a case and points on appeal. The answer denies the agreement alleged in the complaint, and charges a breach of the agreement on the part of the plaintiff, and claims damages for such breach. No reply was served to the answer, and no order was made requiring the plaintiff so to do.

When the motion was made in the court below the defendant objected that the plaintiff's motion was made on four days' notice, instead of eight; that there was no final issue, and that the plaintiff was in default for want of a reply. The motion was denied, however, on the ground that the plaintiff had failed to serve a reply.

By section 515 of the Code of Civil Procedure it is provided that where the answer contains a counter-claim the plaintiff, if he does not demur, may reply to the counter-claim. The same section further provides that if the plaintiff fails to reply or demur to the counter-claim the defendant may apply upon notice for judgment, when a reference may be ordered or a writ of inquiry issued as may be determined by the court to which such application is made.

Section 516 contains nothing authorizing the court to require a reply to a counter-claim. Its provision is, that when an answer contains new matter constituting a defense by way of avoidance, the court may, in its discretion on the defendant's application, direct the plaintiff to reply; and the proceedings, upon failure to reply, are subject to the same rules as in the case of a counter-claim; that is to say, if the court directs on application a reply to be made, and the reply be not made, then the case is subject to the same rules as are provided in the case of a counter-claim. That section does not apply here for the reason that no application was made for a reply, and for the further reason that if an application had been made under that section for a reply, inasmuch as a counter-claim is set up, its provisions could not be invoked.

The failure to reply, in a case where a reply is necessary

under the Code of Civil Procedure, may not prevent the party from bringing his cause on for trial. He has a right, no doubt to do so without a reply, and when it is reached upon the calendar the defendant can then assert any rights acquired by the omission of the plaintiff to serve a reply.

The plaintiff is not bound to wait until the defendant chooses to make a motion for judgment, as he may do under section 515 of the Code of Civil Procedure. If he prefers to bring his cause to trial he may do so and take the consequences of such a step. But the special calendar is designed for issues to be tried, and this case is not therefore within its purview. There is no issue because, as we have seen, the counter-claim is admitted, and the only question to be examined is one relating to the amount of damages.

For these reasons the order appealed from was correctly made and must be affirmed, with ten dollars costs and disbursements.

All concur.