McADAM, J.
The action is to foreclose a mortgage on real property. The appellants were made parties defendant, on the ground that they had, or claimed to have, some interest in or lien upon the mortgaged premises subordinate to that held by plaintiff. They joined issue by an answer setting up an agreement made with the owner of'the fee for a mortgage which was to be prior to the one sought to be forclosed. When the action was called for trial, the appellants moved to strike the cause from the calendar because of the failure of the plaintiff to serve a reply *481 to the new matter pleaded by them. This was on the erroneous theory that the cause was not at issue. The motion was denied, and from the order entered on such denial the present appeal is taken. The appellants have misconceived the practice. Ho order had been made requiring a reply to the new matter, and it was optional with the plaintiff to serve one. If without an order a reply was proper, the only effect of a failure to make it was to render unnecessary proof of the facts which should have been met by reply. Code, § 522; Bliss, Code PI. § 396; Randolph ,v. Mayor, etc., 53 How. Prac. 68; 2 Wait, Prac. 443, 444. The failure does not prevent a plaintiff from bringing the cause to trial, and the effect of the omission is properly determinable thereat. Adams v. Roberts, 1 Civ. Proc. Rep. 204;. 62 How. Prac. 253.
Irrespective of the question whether the answer contains a counterclaim requiring a reply, the refusal to strike the cause from the calendar was proper, and the order entered upon such refusal must be affirmed, with costs.