## TOWN OF EAST FISHKILL v. TOWN OF WAPPINGER.

(Supreme Court, Appellate Division, Second Department.   July 27, 1905.)

**BRIDGES—BETWEEN TOWNS—EXPENSE OF REPAIRS.**
    The expense of the repairs of a bridge over a stream between two towns
    will be divided equally between them; it being used for the joint benefit of
    the inhabitants of both, the traffic each way being about equal, and access
    between the towns being equally important to each.

Appeal from Special Term, Dutchess County.

Action by the town of East Fishkill against the town of Wappinger. From a judgment for plaintiff, defendant appeals. Affirmed.

The opinion at Special Term is as follows:

KELLY, J.   The Appellate Division has decided that Sprout creek, over which the bridges in question are maintained, is a stream which, although it does not form the boundary line between the towns of East Fishkill and Wappinger, is still "upon" the boundaries of the two towns, in such manner that the construction of bridges involves the soil or territory of both towns to some extent, and that the expense of repairs should be divided upon just and equitable principles.   Town of East Fishkill v. Town of Wappinger, 89 N. Y. Supp. 599.   If the expense is to be apportioned on just and equitable principles, I think it should be divided equally on the facts in this case.   The bridges in question are used for the joint benefit of the inhabitants of the towns.   The proof shows that the traffic is about equal in each direction.   Access between the towns is equally important to each of the parties to the litigation.   I do not think the court should read into the act establishing the town special provisions relative to the maintenance of bridges, not found in the act itself, and the general highway law must fix the relative obligations of the parties.   I think the relief granted must be confined to the bridges on which repairs have actually been made.   The court will not assume that the defendant town will refuse to pay its lawful share of future repairs when the occasion presents itself.   It is true that the commissioners of highways of the defendant town have declined to bear any part of the expense of repairing bridges over Sprout creek; but they may reconsider their determination, or new commissioners may be in office when the contingency arises.   I do not find that the defendant has questioned the jurisdiction of equity in its answer, or in the motions to dismiss, and therefore, while there may be some question whether the case is properly in a court of equity, in the interest of terminating litigation between the towns, which, it seems to me, can have but one final result, I direct judgment for the plaintiff for one-half the total cost of repairs to VanWyck's and Monfort's bridges, viz., $54.98, with costs.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, RICH, and MILLER, JJ.

George Wood, for appellant.
Charles A. Hopkins, for respondent.

PER CURIAM.   Judgment affirmed, with costs, upon the opinion of Mr. Justice KELLY at Special Term.