## RYAN v. MURPHY et al.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

JURY—RIGHT TO TRIAL BY JURY—ACTION TO DETERMINE ADVERSE CLAIM TO REAL ESTATE.

Code Civ. Proc. § 1638, gives one claiming real estate in fee a right to maintain an action against any person to compel the determination of any claim adverse to that of plaintiff. Section 1642 of the same article provides that, where an action is brought as prescribed in such article, if defendant claims an estate in the property, the proceedings shall be the same as in ejectment. Section 968 provides that an issue of fact in ejectment must be tried by a jury unless a jury is waived or a reference ordered. Section 970 provides that, where a party is entitled to a trial by a jury of one or more issues of fact in an action not specified in section 968, he may apply on notice to the court for an order directing all questions arising on such issues to be stated for trial accordingly. *Held*, that where, in an action under section 1638, defendants claimed an estate in the property, and defendants objected to the presence of the cause on the Special Term calendar, on the ground that they were entitled to a jury trial, and on the trial made the same demand, it was error to deny a jury trial; it not being necessary for defendants to have made an application under section 970.

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by Mary Ryan against John Murphy and others. From a judgment in favor of plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Joseph J. Silver, guardian ad litem (Maxwell C. Katz and Otto C. Sommerich, on the brief), for appellants.

Goeller, Shaffer & Risler (Robert Goeller and Claude L. Coon, on the brief), for respondents.

CLARKE, J. This action was brought under section 1638 of the Code of Civil Procedure, alleging that the plaintiff is the owner in fee-simple absolute of certain property beyond Twelfth avenue, as originally laid out, at Forty-Ninth street, in the city of New York. She alleges that the defendants unjustly claim an estate in fee or for life to the property in question adversely to the plaintiff, and that said claim is unjust and without foundation, either in fact or law, and demanded that it should be adjudged that they have no right or claim thereto. The defendants in their several answers, not only demand a dismissal of the complaint, but claim estates in said property under a title adverse to the plaintiff, and demand affirmative relief. The case was tried at the Special Term of the Supreme Court, and resulted in a judgment for the plaintiff, from which judgment this appeal is taken.

Without in any way passing upon the merits, this judgment must be reversed by reason of the refusal of the Special Term to remit the case to the Trial Term for trial by jury. Section 1642 of the Code of Civil Procedure provides that:

"Where an issue of fact is joined and an action brought as prescribed in this article, unless the defendant merely demands that the complaint be dismissed, if the defendant claims an estate in said property the subsequent proceedings including the trial, judgment and execution are the same as if it was an action of ejectment, except as otherwise expressly prescribed in this title."

Section 968 of the Code provides that an issue of fact in an action of ejectment must be tried by a jury unless a jury is waived or a reference ordered. Reading those two sections together, it would appear that all the proceedings prescribed by that law in regard to suits in ejectment apply to this action, even including the three trials thereof, were it not for the provisions of section 1646 of the Code which says:

"That a new trial of said action after judgment shall not be granted as a matter of right but the court may, in its discretion and in the interests of justice, grant a new trial upon application made by any party within one year after said judgment."

But while by said section the repeated trials as a matter of right, as provided in ejectment cases, are abrogated, there seem to be no provisions in the title interfering with the requirement as to trial by jury.

In this case there was no waiver of the right to a jury trial. The defendants served no notice of trial for Special Term, and upon receipt of the notice of trial at Special Term from the plaintiff promptly returned it. Each time the case appeared upon the Special Term calendar defendants objected to its presence there, and filed affidavits claiming

that they were entitled to a jury trial. Upon the trial itself they made the same demand, and the court expressly held that they had not waived their rights in this regard. The learned court felt constrained to follow, however, a decision at Special Term in the Second Department, affirmed by the learned Appellate Division of that department without opinion. Close v. Sanders, 107 App. Div. 622, 95 N. Y. Supp. 1122. The facts in that case seem to be different from those in the case at bar. That was an action to set aside certain assessments as a cloud on title, and the defendants themselves noticed the case for trial at Special Term. Upon a motion being made to strike the case from the Special Term calendar, all that appears is that the court said:

"Motion denied. If any of the parties is entitled to a jury trial, he should apply for such trial under section 970 of the Code."

Upon the ground that by noticing the case for trial at Special Term the defendants had waived their right to a trial of the issues of fact by a jury that decision was right. But this case does not present the question of the waiver. Section 970 of the Code provides that:

"Where a party is entitled by the Constitution or by express provision of law to a trial by jury of one or more issues of fact in an action not specified in section 968 of this act, he may apply upon notice to the court for an order directing all the questions arising upon those issues to be distinctly and plainly stated for trial accordingly."

But an action of ejectment is specified in section 968 of the act and section 1642 provides that the action under section 1638 shall be the same as if it was an action of ejectment.

There seems to be, therefore, no escape from the conclusion that the defendants were entitled as a matter of right to the jury trial, seasonably and persistently demanded. They were, therefore, entitled to stand upon their right, and to refrain from putting in any evidence when the court had forced upon them the form of trial other than that provided by law.

The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

PATTERSON, McLAUGHLIN, and LAUGHLIN, JJ., concur.

INGRAHAM, J. (dissenting). I do not concur in the reversal of this judgment. The relief that the plaintiff demands is that the defendants, and each and all of them, and every person claiming through or under them, or any of them, be adjudged to have no claim or right to any estate, right, title, or interest in said premises described herein, and that they may be adjudged to have no lien or incumbrance thereon, and that the defendants, and all persons or corporations claiming through or under them or any of them, be forever barred from any and all claims of any interest, lien, or easement in said premises. The relief thus demanded is essentially equitable. As a defense to such an equitable action, the defendant is authorized by section 1641 of the Code of Civil Procedure to claim an estate in the property described in the complaint; and where such a defense is set up in the answer, under section 1642 of the Code of Civil Procedure, the subsequent proceedings, including the

trial, judgment, and execution, are the same as if the suit was an action of ejectment, except as otherwise expressly prescribed in the title of the Code, of which these sections are a part.

That the action, notwithstanding such a defense, remains an equitable action, is shown by section 1645 of the Code of Civil Procedure, which provides that the—

"Final judgment for the plaintiff must be to the effect that the defendant, and every person claiming under him, by title accruing after the filing of the judgment-roll, or of the notice of the pendency of the action, as prescribed in article ninth of this title, be forever barred from all claim to any estate of inheritance, or for life, or for a term of years not less than ten, in the property; or such judgment must be that the defendant and every person claiming under him, as above stated, be forever barred from all claim to any interest or easement in, or lien or incumbrance upon, the said property, of any kind or nature whatsoever, or of any particular interest, easement, lien or incumbrance specified in said judgment; and the court may direct any instrument purporting to create any such interest, easement, lien or incumbrance to be delivered up or to be cancelled of record; or two or more of said forms of judgment may be awarded in the same action."

This equitable judgment must be entered by a court of equity, and, while either party has a right to a trial by jury as to a defendant's title, the application for final judgment must come back to a court of equity. Thus, I think, it may be said that where the relief demanded is essentially of equitable cognizance, authorized by section 1645 of the Code, that the title of the Code of which section 1642 and section 1645 are a part does otherwise provide, so that the whole action is not to be tried before a jury, but only the issue raised by the answer, which presents the same question as would be presented in an action of ejectment. After the issue of fact is determined the question as to the proper judgment on the facts found must be determined. Section 1645 provides for two kinds of relief that may be awarded or both may be included in the judgment. If the case is to be tried by a jury like an action of ejectment, the jury would have to determine which relief the plaintiff is entitled to. This would bring the case within section 970 of the Code of Civil Procedure, which provides that:

"Where a party is entitled * * * to a trial by jury * * * in an action not specified in section nine hundred and sixty-eight of this act he may apply, upon notice to the court, for an order directing all the questions arising upon those issues to be distinctly and plainly stated for trial accordingly."

The proper course, therefore, it seems to me, was for either party desiring a jury trial to have applied to have issues framed to be thus tried; and, having failed to make such application before the trial, the defendant waived the right to have any of the issues in the action tried by a jury.

It appears by the statement annexed to the case that the action was commenced by the service of a summons on July 8, 1905. As that was part of the record, no independent proof of the date of the commencement of the action was required, and the evidence shows that the plaintiff was in actual possession of the property for more than one year prior to that date.

I also think that the deed from the mayor, aldermen, and commonalty of the city of New York was sufficiently proved, and that it must

be presumed, in the absence of evidence to the contrary, that the public officers who executed that conveyance complied with the statute, and that the deed was valid.

I think, therefore, that the judgment should be affirmed.

---

In re HOYT et al.

(Supreme Court, Appellate Division, First Department.   December 7, 1906.)

1. WILLS—CONSTRUCTION—TRUSTS—DISPOSITION OF INCOME.

2. PERPETUITIES—ACCUMULATIONS.

Even if a will, after authorizing trustees to apply the entire income of a fund to the use of testator's daughter for life, authorizes them in their discretion to accumulate part of the income, such provision for accumulation is void; Rev. St. (1st Ed.) p. 726, pt. 2, c. 1, tit. 2, §§ 37, 38, limiting the accumulation of income to the period of minority, so that accumulated income belongs to the daughter, and, not being paid to her in her life, passes to her representatives, instead of to the remaindermen.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 67–73.]

Laughlin, J., dissenting.

Appeal from Surrogate's Court, New York County.