MATHILDA CHARLTON, Plaintiff, *v.* THEODORE W. WARD et al., Defendants.

(Supreme Court, Kings Special Term, January, 1918.)

Pleading — usury — counterclaim — reply — Code Civ. Pro. §§ 1214, 1215, 1216.

Foreclosure — of mortgages — actions — counterclaim — evidence — usury — trial — dismissal of complaint.

In an action to foreclose a mortgage usury may be pleaded either as a defense or as a counterclaim, or both, and that the matter is alleged both as " a defense and a counterclaim" does not make it any less a counterclaim.

A failure to reply to a counterclaim admits the truth of the allegations thereof and they need not be pleaded.

Under sections 1214 and 1215 of the Code of Civil Procedure a party upon application for judgment need not prove his cause of action; such course is necessary only when the application is made under section 1216 of said Code.

The defendants in a foreclosure action pleaded, as a counterclaim, that the mortgage was usurious in its inception and that plaintiff was a party to and profited by the transaction. On notice by plaintiff, who served no reply to the counterclaim, the case came to trial and a motion to dismiss the complaint on the ground that no cause of action had been proved, made after plaintiff had rested, having been denied, defendants introduced testimony which showed that there was no merit in their defense but offered no proof to sustain the counterclaim, and coupled a motion for judgment thereon with a statement that whether it was granted or denied they would offer no further proof. *Held,* that defendants had waived their right to insist that the allegations of the counterclaim should be deemed admitted for failure to serve the reply and that it should be dismissed and plaintiff given judgment.

ACTION to foreclose a mortgage.

George B. Davenport (John W. Ockford, of counsel), for plaintiff.

Charles H. Schwartzman (Albert A. Weinstein, of counsel), for defendants.

CROPSEY, J.  In an action to foreclose a mortgage the defendants plead as a counterclaim that the mortgage had an usurious inception and that the plaintiff was a party to and profited by the transaction. The plaintiff did not reply to the counterclaim and the case came on for trial, having been noticed by the plaintiff. Plaintiff introduced her proof and rested. The defendants then moved to dismiss the complaint, on the ground that plaintiff had not proved her cause of action. This motion being denied, the defendants introduced some evidence and then moved for judg-

ment on the counterclaim. Defendants' counsel stated that he did not intend to offer any further proof, whether this motion for judgment on thè counterclaim was granted or denied.

The defendants were not required to move for judgment under section 515 of the Code of Civil Procedure. They had a perfect right to make their application on the trial of the action. *Bridge* v. *Payson,* 5 Sandf. 210, 217; 2 Wait Pr. 444. The plaintiff could properly notice the case for trial (*Adams* v. *Robert,* 62 How. Pr. 253), and then the court should give such judgment as the pleadings and the evidence require.

In a foreclosure action a defendant may plead usury either as a defense or a counterclaim or both. *Equitable Life Assurance Soc.* v. *Cuyler,* 12 Hun, 247; affd., 75 N. Y. 511; *Meyers* v. *Wheeler,* 24 App. Div. 327; affd., 161 N. Y. 637. And the fact that the matter is alleged both as '' a defense and a counterclaim '' does not make it any less a counterclaim. *Loew* v. *McInerney,* 159 App. Div. 513.

It is not necessary for a defendant to prove his counterclaim when there is no reply. A failure to reply admits the allegations (Code Civ. Pro. § 522; *McCrea* v. *Hopper,* 35 App. Div. 572, 577; affd., 165 N. Y. 633); that is, all traversible allegations are admitted but not the legal conclusions or the demanded relief. *Bullard* v. *Sherwood,* 85 N. Y. 253, 256; *Bassett* v. *French,* 10 Misc. Rep. 672, 676.

This is one of those actions in which judgment by default cannot be entered by the clerk. Application to the court is necessary. Code Civ, Pro. § 1214. But that section does not change the rule above stated. The provision in section 1215, that the court may take proof of a fact necessary to enter judgment, means only that such proof shall be taken where the complaint is not sufficiently definite or where it is necessary to

show the damages sustained — the question of damages not being issuable and hence not being admitted by a default. 3 Nichol's Pr. § 2051. It is not necessary for a party to prove his cause of action when applying for judgment under sections 1214 and 1215. That is necessary only when applying for judgment under section 1216.

The counterclaim pleaded sets forth a good cause of action and the defendants would be entitled to judgment on it canceling the bond and mortgage and discharging the latter of record but for the fact that the defendants introduced testimony on the trial which showed there was no merit in their defense, and did not offer any proof to sustain the allegations of their counterclaim. The plaintiff called a witness who had charge of the transaction, on her behalf, and, on cross-examination, defendants' counsel questioned this witness concerning the inception of the mortgage, the amount paid, his knowledge of the circumstances under which it was made, etc. In short, the defendants sought to prove by him the allegations of their counterclaim, but the witness' testimony did not support those contentions, but on the contrary disproved them. The testimony so elicited was not strictly cross-examination. It was new matter brought out by the defendants. And while the defendants could have called other witnesses, notwithstanding the denials made by this witness, to prove their allegations, they failed to do so and plainly stated they did not wish to call them. The point that no reply had been served was not raised until after this evidence had been introduced. The defendants having brought out this evidence bearing on their counterclaim the court cannot properly disregard it. The defendants could have stood on their rights and insisted that failure to reply was an admission by the plaintiff of the truth of the allegations in

16

the counterclaim. But defendants did not do so; instead, they offered proof on the subject and so waived their right to insist that the allegations in their counterclaim must be deemed admitted. Having made that waiver the case must be decided upon the evidence in the record instead of upon the facts as pleaded, which otherwise would be deemed admitted by the failure to reply. *Campbell* v. *Genet*, 2 Hilt. 290, 295; *Randolph* v. *Mayor*, 53 How. Pr. 68, 76. This is but an extension of the rule that where a trial proceeds as though every matter was contested, although, in fact, there was no reply, the failure to reply cannot be raised on appeal. *Jordan* v. *National Shoe & Leather Bank*, 74 N. Y. 467; *Hopkins* v. *Lane*, 2 Hun, 38; affd., 87 N. Y. 501.

The counterclaim should be dismissed and plaintiff have judgment, with costs.

Judgment accordingly.