May L. Tyler, Plaintiff, *v.* Anna Mathilde Jahn et al., Defendants.

(Supreme Court, Kings Special Term, December, 1919.)

Judgments — default — equity — when findings of fact and conclusions of law need not be stated in decision — title.

Upon an application for judgment upon default in an action to determine a claim to real property it is not necessary to make a decision separately stating findings of fact and conclusions of law; it is sufficient for the court, in conformity with the practice in equity, to sign the judgment; not even an order therefor is necessary.

Where in such an action the allegations of the complaint are admitted by failure to answer, findings are neither necessary nor proper, though requested on the ground that a certain title insurance company will not insure the title unless the judgment is based upon findings.

Application for judgment on default.

Wood, Cooke & Seitz, for motion.

No appearance in opposition.

Benedict, J. This is an application for judgment on default in an action to determine a claim to real property.

All of the defendants have been personally served with the summons within the state or have appeared generally in the action. The only question arises as to whether it is necessary for me to make a decision stating separately the findings of fact and conclusions of law in order to render judgment. No proof in support of the allegations of the complaint was offered on the application, and I think none was necessary. The action, although a statutory action, is equitable in its nature, and, at the time of the adoption of the Constitution of 1846, it was not the practice in taking a bill *pro confesso* to require proof in support of the allegations, unless by reason of their indefiniteness or for other reasons proof was necessary to enable the court to render a decree. *Williams* v. *Corwin,* Hopk. Ch. 534; *Denison* v. *Bassford,* 7 Paige, 370; *Trust & Fire Ins. Co.* v. *Jenkins,* 8 id. 589, 593; *Rose* v. *Woodruff,* 4 Johns. Ch. 547; *Ohio Central R. R. Co.* v. *Central Trust Co.,* 133 U. S. 83, 90, 91. The practice, I think, should be the same upon an application to the court for judgment under sections 1214 and 1215 of the Civil Code. See Code Civ. Pro. § 522; *Bullard* v. *Sherwood,* 85 N. Y. 253, 256; *Charlton* v. *Ward,* 102 Misc. Rep. 238, 240.

It has been my practice not to make a decision embodying findings of fact except in cases where evidence has been offered upon which the findings may

be based; but I am urged to do so in this case upon the allegations of the complaint, which are, of course, admitted by failure to answer, on the ground that a certain title insurance corporation will not insure the title unless the judgment is based on findings. This leads me to inquire into the question whether findings are necessary or proper in such a case. So far as I can ascertain from consulting works on chancery or equity practice, it was not customary for the court to render a formal " decision " stating the facts found and the conclusions of law, even where there were issues of fact; and, if I am correct in that conclusion, *a fortiori* no such formal decision would have been necessary where the bill was taken *pro confesso.* The English practice formerly was to recite in the decree the substance of the bill and answer and also the facts on which the decree was founded (2 Daniel Ch. Pl. & Prac. *1003; 2 Beach Mod. Eq. Pr. § 806); but this rule does not appear to have been generally adopted in this country (5 Encyc. of Pl. & Pr. 1038; 8 id. 938; 2 Beach Mod. Eq. Pr. § 806 *et seq.; Whiting* v. *Bank of United States,* 13 Pet. 6, 14; *Clapp* v. *Thaxter,* 7 Gray [Mass.], 384, 387; *Mason* v. *Daly,* 117 Mass. 403, 406; *Campbell* v. *Ayres,* 6 Iowa, 339, 347), and I cannot find that it was customary in New York, under our chancery practice, at the time of the adoption of the Constitution of 1846. See 1 Barb. Ch. Pr. (2d rev. ed.) *338; 3 id. 115, 123, 382.

The first requirement which I have found in the law of this state that the decision of the court upon an issue of fact tried by the court without a jury should embody findings of fact and conclusions of law was contained in section 222 of the Code of Procedure of 1848, which read as follows: " Upon a trial of a question of fact by the court, its decision shall be given in writing, and filed with the clerk, within twenty

days after the court at which the trial took place. In
giving the decision, the facts found shall be first stated,
and then the conclusion of law upon them. Judg-
ment upon the decision shall be entered accordingly.''

This requirement was speedily abandoned, however,
for the section just quoted was revised as section 267
of the Code of 1849 as follows: '' Upon a trial of a
question of fact by the court, its decision shall be given
in writing, and filed with the clerk, within twenty
days after the court at which the trial took place.
Judgment upon the decision shall be entered accord-
ingly.''

Under this section, it was held that findings of fact
and conclusions of law, separately stated, were not
necessary in the decision upon an issue of fact tried
by the court without a jury, although they might be
necessary in a case on appeal. *Johnson* v. *Whitlock,*
13 N. Y. 344, 348; *Otis* v. *Spencer,* 16 id. 610. In 1860,
however, section 267 of the Code of Procedure was
amended so as to read as follows: '' Upon the trial
of a question of fact by the court, its decision shall
be given in writing, and shall contain a statement
of the facts found, and the conclusions of law sepa-
rately; and upon a trial of an issue of law the decision
shall be made in the same manner, stating the con-
clusions of law. Such decision shall be filed with the
clerk within twenty days after the court at which the
trial took place. Judgment upon the decision shall be
entered accordingly.''

The requirement as to findings has been continued
in section 1022 of the present Code of Civil Procedure.

From all this I conclude that the practice of making
a decision stating findings of fact and conclusions of
law is of statutory origin, and that such a decision is
necessary only in those cases where the statute
expressly requires it, namely, where an issue of fact

has been tried before the court without a jury and in rendering judgment on defendant's default in pleading in certain matrimonial actions.

There is no suggestion in any of the provisions of the Code relating to judgment by default that findings are required in actions of an equitable nature, even when it is necessary to take proof of certain facts in order to render judgment. The material allegations of the complaint are admitted by the failure to answer. If these are sufficient to support the judgment that is all that is necessary. If not, then findings would not help.

I come now to consider the Code provisions (§ 1638 *et seq.*) relating especially to the action to determine a claim to real property. I have observed, above, that the action is equitable in its nature. Of course, I do not mean by this that it is an equitable action, for it has always been regarded as purely statutory — but that it is an action which is to be carried on according to the general rules of equitable procedure except as otherwise provided by the Code. Under section 1642, it may assume the nature of an action of ejectment in a certain contingency, that is, where the defendant claims an estate in the premises and demands affirmative relief, and then, of course, either party would be entitled to a jury trial, which, it has been held, may be had at Trial Term, without framing issues. *Ryan* v. *Murphy,* 116 App. Div. 242. In another contingency, as, for example, if defendant should claim a lien by way of mortgage, it might be treated as an action of foreclosure, in which case the trial would be by the court. If, however, defendant makes no claim for affirmative relief, " the action proceeds precisely as any other action to quiet title, and is tried on the equity side of the court at a Special Term and without a jury." *King* v. *Ross,* 28 App. Div. 371.

The case of *Pure Strains Farm Co.* v. *Smith,* 99 Misc. Rep. 108, 110, proceeded upon the theory, I assume, that the answer contained a sufficient demand for affirmative relief. Also in any case, even where a jury trial is required, the relief granted, if the plaintiff recovers judgment, is equitable in its nature, as it is provided in substance that by the judgment the defendant shall be barred of all claim to the premises. Code Civ. Pro. § 1645. Hence I think that equitable practice is to be followed, except where the statute directs otherwise. But even if not, there is no provision in the several sections relating to this sort of action requiring findings in rendering judgment for the plaintiff on defendant's default in pleading.

If the plaintiff's attorneys consider it advantageous, they may insert recitals in the judgment setting forth the essential allegations of the complaint, which, with a recital that the defendants have failed to answer, will constitute a judicial recognition of the facts on which the judgment is based. This, it appears, would be in conformity with the former English chancery practice.

As to the order for judgment, it is unnecessary. It was the practice in the Court of Chancery to enter an order to take a bill *pro confesso,* but under our present Code procedure no order is required. It is sufficient for the court to sign the judgment, whereupon the clerk will enter it.

Judgment accordingly.